*521 On July 6, 2009, following coronary bypass surgery in June 2009, the plaintiff, then 88 years old, went to the office of the defendant Cardiology Consultants of Westchester, EC. (hereinafter Cardiology Consultants), for a post-operative checkup with the defendant Martin B. Cohen, the plaintiffs cardiologist for 20 years and a board member and shareholder of Cardiology Consultants. While in the examination room with a medical assistant employed by the defendants, the plaintiff allegedly was injured when he fell after being weighed. The plaintiff commenced this action to recover damages allegedly stemming from the defendants’ negligence and medical malpractice. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted that branch of the defendants’ motion which was for summary judgment dismissing the second cause of action, which sought to recover damages for medical malpractice, but denied that branch of the defendants’ motion which was for summary judgment dismissing the first cause of action, which sought to recover damages for negligence, concluding that the plaintiff raised a triable issue of fact in opposition to the defendants’ prima facie showing on that cause of action. The defendants appeal. We affirm, albeit on a different ground.
The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligence. A question of fact was presented through the defendants’ submissions with respect to whether the defendants’ medical assistant knew that the plaintiff needed assistance getting off the scale and walking towards the examination table and, if so, whether the defendants’ medical assistant was negligent in failing to provide the plaintiff with assistance as he stepped off the scale in the examination room (see D’Elia v Menorah Home & Hosp. for the Aged & Infirm, 51 AD3d 848 [2008]; Papa v Brunswick Gen. Hosp., 132 AD2d 601, 603 [1987]). The defendants’ submissions, which included, inter alia, the deposition testimony of their medical assistant, the plaintiff, and the plaintiffs son, who accompanied the plaintiff to the defendants’ office on the day of the accident and was present in the examination room, failed to eliminate all triable is *522 sues of fact. The medical assistant testified that he observed the plaintiff and his son walk “arm-in-arm” to the examination room and that, while the plaintiff did not request assistance getting onto the scale, the medical assistant did not know definitively whether the plaintiff was assisted on to the scale by his son. The plaintiff and his son testified that, upon their entry into the examination room, the medical assistant directed the plaintiffs son to, in effect, assist the plaintiff on to the scale to be weighed. Thereafter, the plaintiff was told by the medical assistant to go to the examination table, which was approximately three feet away, while the plaintiffs son sat a distance away, pursuant to the medical assistant’s instructions. The plaintiff attempted to go to the examination table unassisted, and fell. The plaintiff and his son also testified that the plaintiff was in a weakened condition on the date of his appointment with Cohen, as it was subsequent to his surgery. Accordingly, since there are facts in dispute and conflicting inferences may be drawn from the evidence, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the first cause of action, requiring denial of that branch of the defendants’ motion (see Benetatos v Comerford, 78 AD3d 750 [2010]; Ruiz v Griffin, 71 AD3d 1112 [2010]; Baker v D.J. Stapleton, Inc., 43 AD3d 839 [2007]) regardless of the sufficiency of the plaintiffs opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The defendants’ remaining contentions are improperly raised for the first time on appeal (see NYU Hosp. for Joint Diseases v Country Wide Ins. Co., 84 AD3d 1043, 1044 [2011]; Matter of Panetta v Carroll, 62 AD3d 1010, 1010 [2009]; Pekich v James E. Lawrence, Inc., 38 AD3d 632, 633 [2007]). Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.