TERRON NEWSOME, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [971 NYS2d 208]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated January 26, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action alleging negligence after he was bitten on June 11, 2008, by a dog employed by the canine unit of the Suffolk County Police Department. When the incident occurred, the plaintiff, a custodian, was at Amityville High School at the request of police personnel, who needed him to open certain doors in order to conduct a search. The Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground of immunity. The defendants appeal.

"The professional judgment rule insulates a municipality from liability for its employees' performance of their duties where the . . . conduct involves the exercise of professional judgment such as electing one among many acceptable methods of carrying out tasks, or making tactical decisions" (*Johnson v*

*City of New York*, 15 NY3d 676, 680 [2010] [internal quotation marks omitted]). However, "the immunity afforded a municipality for its employee's discretionary conduct does not extend to situations where the employee, a police officer, violates acceptable police practice" (*Lubecki v City of New York*, 304 AD2d 224, 233-234 [2003]; *see Johnson v City of New York*, 15 NY3d at 681; *Haddock v City of New York*, 75 NY2d 478, 485 [1990]).

Here, the defendants did not establish their prima facie entitlement to judgment as a matter of law. A question of fact with respect to whether the conduct of the dog's handler was consistent with acceptable police practice was presented by the defendants' evidentiary submissions (*cf. Arias v City of New York*, 22 AD3d 436, 437 [2005]). Accordingly, summary judgment was properly denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Cerniglia v Cardiology Consultants of Westchester, P.C.*, 97 AD3d 520, 521-522 [2012]; *Quintana v Wallace*, 95 AD3d 1287, 1287-1288 [2012]). Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.