■ ESTHER HEPHZIBAH, Appellant, v CITY OF NEW YORK et al., Respondents. [997 NYS2d 900]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered May 30, 2013, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff alleges that she suffered injuries when she was knocked over on a crowded sidewalk during the course of a police chase. The complaint alleges that the police action was undertaken negligently, in reckless disregard for the safety of pedestrians and in violation of Police Department rules and regulations regarding pursuit of low-level suspects. Defendants moved to dismiss plaintiff's negligence claim pursuant to CPLR 3211 (a) (7) on the ground that she failed to allege that defendants owed her any "special duty." Additionally, defendants invoked the affirmative defense of governmental immunity, contending that the officer's allegedly negligent attempt to effect an arrest involved the discretionary exercise of reasoned judgment in providing police services to the public.

Supreme Court dismissed the complaint, finding that plaintiff failed to establish that she was owed a special duty. We note that the police conduct at issue clearly involved the exercise of discretion in making an arrest (*see Johnson v City of New York*, 15 NY3d 676, 681 [2010]; *see also McLean v City of New York*,

12 NY3d 194, 202 [2009]). Even if the action is not regarded as an exercise of discretion, to sustain a cause of action where a ministerial act is involved, a plaintiff is required to plead the existence of a special duty (*see Valdez v City of New York*, 18 NY3d 69, 77-78 [2011]; *McLean*, 12 NY3d at 202; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]), and plaintiff has failed to do so.

Plaintiff advances only conclusory allegations that the officer's conduct violated police department rules and regulations, and thus was not a reasonable exercise of judgment or discretion shielded by governmental immunity (*see e.g. Arias v City of New York*, 22 AD3d 436, 437 [2d Dept 2005]; *cf. Newsome v County of Suffolk*, 109 AD3d 802 [2d Dept 2013]; *Lubecki v City of New York*, 304 AD2d 224, 233-234 [1st Dept 2003], *lv denied* 2 NY3d 701 [2004]; *Rodriguez v City of New York*, 189 AD2d 166, 177-178 [1st Dept 1993]). The complaint, as supplemented by plaintiff's bill of particulars, fails to specify any regulation claimed to have been contravened by the officer's actions so as to deprive the City of immunity. Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.