Tillman v State of New York (2024 NY Slip Op 00882)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Tillman v State of New York

2024 NY Slip Op 00882

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024
Before: Webber, J.P., Gesmer, González, Pitt-Burke, Rosado, JJ. 


Claim No. 134192 Appeal No. 1700 Case No. 2023-00767 

[*1]Kevin Tillman, Claimant-Appellant,
vThe State of New York, Defendant-Respondent.

Stevens & Traub, PLLC, Elmsford (Peter P. Traub, Jr. of counsel), for appellant.
Letitia James, Attorney General, New York (Kwame N. Akosah of counsel), for respondent.

Order of the Court of Claims of the State of New York (Linda K. Mejias-Glover, J.), entered February 8, 2023, which denied claimant’s motion for summary judgment and granted defendant’s motion for summary judgment dismissing the claim, unanimously affirmed, without costs.
Claimant was erroneously listed on New York's public sex offender registry website after his cousin assumed his name and birth date when registering as a sex offender. The error was subsequently corrected, but claimant's name continues to be listed as an alias of his cousin.
Claimant's defamation claim was properly dismissed as barred by governmental function immunity (see generally McLean v City of NY, 12 NY3d 194, 199 [2009]). Even if the alleged misconduct was ministerial and not discretionary in nature, claimant has failed to show a special duty (see id. at 199, 202-203; Hephzibah v City of New York, 124 AD3d 442, 443 [1st Dept 2015], lv denied 26 NY3d 903 [2015]). Correction Law § 168-r(1) does not create a private right of action on behalf of claimant because he is not within the class of persons it is intended to protect. Indeed, claimant admits that the misconduct at issue did not reflect any discretionary decision-making, which is the subject of the immunity waiver at Correction Law § 168-r(1).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024