■ JAMES McCULLER, Individually and as Grandfather and Natural Guardian of RYAN A. PORTER, an Infant, and as Administrator of the Estate of ALECIA M. McCULLER, Deceased, Respondent, v CITY OF ROCHESTER, Appellant.—Order insofar as appealed from unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for the fatal shooting of his daughter by a City of Rochester police officer who had responded to a radio dispatch involving a domestic dispute. Defendant City appeals from that portion of an order which denied its motion for summary judgment dismissing the first cause of action alleging negligence and the second cause of action alleging assault and battery and intentional infliction of mental distress. Factual issues were raised whether the police officers' actions

departed from good and accepted standards of police conduct in the use of force, in failing to defuse the situation and in failing to provide prompt medical attention to the victim. Supreme Court properly denied summary judgment on those issues.

We conclude, however, that Supreme Court erred in denying defendant's motion to dismiss the remaining portions of the negligence cause of action. Plaintiff concedes that, under the facts of this case, he is not entitled to recover on the theory that the police failed to provide adequate police protection to decedent. Further, plaintiff presented no evidentiary material in support of allegations that the police failed to train the officers adequately or failed to promulgate or enforce proper guidelines for the use of force in responding to reports of domestic violence. The conclusory assertion of plaintiff's counsel, advanced for the first time on appeal, that discovery is continuing and thus that the motion is premature does not excuse plaintiff's failure to present evidentiary material in opposition to the motion. This action has been pending since 1984, and plaintiff has not shown that further discovery will produce any new evidentiary material (see, Zuckerman v City of New York, 49 NY2d 557, 562; Levy, King & White Adv. v Gallery of Homes, 177 AD2d 967). Accordingly, we modify the order by granting summary judgment dismissing those portions of the negligence cause of action based upon failure to provide police protection, violation of civil rights, negligent training and supervision, and the failure to promulgate and enforce proper and adequate guidelines and regulations governing the use of force. (Appeal from Order of Supreme Court, Monroe County, Patlow, J.—Summary Judgment.) Present—Denman, P. J., Doerr, Balio and Lawton, JJ.