■ DEREK BENNETT, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, et al., Defendant. [665 NYS2d 91] —In an action to recover damages, *inter alia,* for malicious prosecution, false imprisonment, and false arrest, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated July 11, 1996, as granted those branches of the motion of the defendant New York City Housing Authority which were for summary judgment dismissing the first, second, and third causes of action.

Ordered that the order is modified, on the law and as a matter of discretion, by adding a provision thereto granting the plaintiff leave to replead portions of his first cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to replead is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

The instant action arises out of the plaintiff's arrest on April 3, 1991, by agents of the respondent, New York City Housing Authority, for assault in the second degree (three counts) and resisting arrest. The plaintiff was charged with those offenses in the Criminal Court of the City of New York, County of Queens, and thereafter pleaded guilty to disorderly conduct in satisfaction of those charges. The plaintiff's conviction conclusively established probable cause for his arrest, thus negating an essential element of his cause of action sounding in malicious prosecution, and establishing the respondent's affirmative defense to the causes of action sounding in false arrest and false imprisonment (*see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanberger v Kellogg,* 423 US 929; *Holmes v City of New Rochelle,* 190 AD2d 713; *Tucci v County of Nassau,* 50 AD2d 945).

The plaintiff's first cause of action actually pleaded several causes of action, including assault and battery. The existence of probable cause for the injured plaintiff's arrest does not bar causes of action sounding in assault and battery based on the use of excessive force (*see, Freeman v Port Auth.*, 243 AD2d 409; *Stratton v City of Albany*, 204 AD2d 924; *Baynes v City of New York*, 23 AD2d 756). Accordingly, the plaintiff is granted an opportunity to replead. Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.