■ ANTHONY CAMPAGNA et al., Respondents, v JULIE ARLEO et al., Defendants, and RUTH PEREZ et al., Appellants. [807 NYS2d 629]—

In an action, inter alia, to recover damages for personal injuries, the defendants Ruth Perez, Christina Perez, and Sabrina Perez appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered March 27, 2003, as denied their motion for leave to amend their answer to assert various counterclaims and granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability pursuant to General Municipal Law § 205-e.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs, Nassau County Police Officers, commenced this action, inter alia, to recover damages for personal injuries sustained by them when, in the course of their duties, they responded to the home of the defendant Justine Arleo to investigate a complaint that a "loud and unruly party" was taking place. The plaintiffs also alleged a cause of action pursuant to General Municipal Law § 205-e. The defendants Ruth Perez, Christina Perez, and Sabrina Perez (hereinafter the defendants) served an answer dated April 12, 2001. Thereafter, the defendants moved for leave to amend their answer to include various counterclaims pursuant to 42 USC § 1983 including, inter alia, false arrest, false imprisonment, and excessive use of force. The plaintiffs cross-moved, among other things, for summary judgment on the issue of liability pursuant to General Municipal Law § 205-e. The Supreme Court denied the defendants' motion and granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability pursuant to General Municipal Law § 205-e.

The Supreme Court properly denied the defendants' motion for leave to amend their answer to assert various counterclaims pursuant to 42 USC § 1983. The allegations of the proposed amendment were palpably insufficient to state causes of action for false arrest and false imprisonment. The plaintiffs had probable cause to believe that the defendants committed the underlying crimes (*see Wasilewicz v Village of Monroe Police Dept.*, 3 AD3d 561, 562 [2004]).

Similarly, the allegations of the proposed amendment were palpably insufficient to state a cause of action for use of excessive force. "A claim that a law enforcement official used excessive force during the course of an arrest, investigatory stop, or other 'seizure' of the person is to be analyzed under the 'objective reasonableness' standard of the Fourth Amendment" (*Vizzari v Hernandez*, 1 AD3d 431, 432 [2003], quoting US Const 4th Amend; *Graham v Connor*, 490 US 386, 388 [1989]). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" (*Mazzariello v Town of Cheektowaga*, 305 AD2d 1118, 1119 [2003], quoting *Graham v Connor, supra* at 396). Here, the defendant Ruth Perez pleaded guilty to obstructing governmental administration in the second degree and admitted that she physically struggled with the police during her arrest. The defendants Sabrina Perez and Christina Perez pleaded guilty to disorderly conduct. Further, aside from two affidavits of nonparty witnesses which the Supreme Court properly declined to consider (*see Concetto v*

*Pedalino*, 308 AD2d 470, 470-471 [2003]), there was no evidence of any injury to the defendants.

Moreover, the Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability pursuant to General Municipal Law § 205-e. In order "[t]o make out a claim under section 205-e, a plaintiff must '[1] identify the statute or ordinance with which the defendant failed to comply, [2] describe the manner in which the [police officer] was injured, and [3] set forth those facts from which it may be inferred that the defendant's negligence directly or indirectly caused the harm' " (*Williams v City of New York*, 2 NY3d 352, 363 [2004] quoting *Giuffrida v Citibank Corp.*, 100 NY2d 72, 79 [2003]). The plaintiffs satisfied this standard, and in opposition the defendants failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]).

The defendants' remaining contentions are without merit. Smith, Rivera and Skelos, JJ., concur.

Fisher, J., concurs in part and dissents in part and votes to modify the order appealed from by deleting the provision thereof granting that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability pursuant to General Municipal Law § 205-e, and substituting therefor a provision denying that branch of the cross motion; as so modified, votes to affirm, with the following memorandum, in which Florio, J.P., concurs:

I respectfully disagree with the majority's conclusion that that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability under General Municipal Law § 205-e should have been granted. As the majority correctly points out, recovery under that section requires a showing, inter alia, of "the manner in which the [police officer] was injured" (*Williams v City of New York*, 2 NY3d 352, 363 [2004]). Here, apart from a copy of the pleadings and an unverified bill of particulars, the only evidence offered by the plaintiffs in support of their cross motion was a transcript of the defendant Ruth Perez's plea allocution in connection with a single charge of obstructing governmental administration in the second degree, and a computer printout indicating that two of Ms. Perez's daughters, the defendants Sabrina Perez and Christina Perez, pleaded guilty to disorderly conduct. Notably absent from the record was any competent evidence establishing precisely how, and by whom, any of the plaintiffs allegedly were injured, and whether such injuries "occurred directly or indirectly *as a result of*" the defendants' failure to comply with

the statutes they pleaded guilty to having violated (General Municipal Law § 205-e [emphasis added]). Without such evidence, the plaintiffs could not establish their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, in my view, the cross motion should have been denied regardless of the sufficiency of the defendants' opposing papers (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

Moreover, although I agree with the majority's disposition of the defendants' motion for leave to file a proposed amended answer to assert various counterclaims, I do so on grounds different from those relied upon by the majority. The proposed counterclaims alleged violations of 42 USC § 1983 based on several different theories. To the extent they asserted claims based on theories of false arrest and false imprisonment, they were unquestionably barred by the defendants' respective guilty pleas (*see Keyes v City of Albany*, 594 F Supp 1147, 1155 [1984]; *cf. Zwecker v Clinch*, 279 AD2d 572, 573 [2001]; *Bennett v New York City Hous. Auth.*, 245 AD2d 254 [1997]). On the other hand, to the extent the proposed counterclaims alleged that the plaintiffs used excessive force in making the arrests, they are not so barred. "The elementary requirements of a use of force rule under § 1983 must be that it neither permits 'brutal police conduct' nor allows such 'application of undue force' that the police conduct 'shocks the conscience' " (*Jones v Marshall*, 528 F2d 132, 139 [1975] [citations omitted]). The fact that police have probable cause to arrest an individual who later pleads guilty to the offense for which he or she is arrested does not establish that the arresting officers did not use excessive force in making the arrest. Thus, the defendants' pleas of guilt do not immunize the plaintiffs from proposed counterclaims alleging excessive force (*see Keyes v City of Albany, supra* at 1154-1155). Indeed, this Court has held that the existence of probable cause for an arrest "does not bar causes of action sounding in assault and battery based on the use of excessive force" (*Bennett v New York City Hous. Auth., supra* at 255).

Nevertheless, I concur with the majority's ultimate conclusion that *all* of the proposed counterclaims in this case were "palpably insufficient," because the defendants failed to attach as exhibits to their motion any properly verified amended pleading or affidavit making out a prima facie basis for the proposed counterclaims (*see Mohan v Hollander*, 303 AD2d 473, 474 [2003]; *Morgan v Prospect Park Assoc. Holdings*, 251 AD2d 306 [1998]).