VICTOR N. FARLEY, Individually and as Administrator of the Estate of TERRY MASON, Deceased, Appellant, v TOWN OF HAMBURG et al., Respondents, et al., Defendant. [824 NYS2d 549]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered December 7, 2005. The order granted the motion of defendants Town of Hamburg and James Koch for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the third, fourth and fifth causes of action insofar as those causes of action are based on the alleged use of excessive force and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for the wrongful death of decedent, Terry Mason, who was shot and killed by defendant James Koch, a police lieutenant employed by defendant Town of Hamburg (Town). The complaint asserts causes of action for assault and battery, negligence, and the violation of Mason's constitutional and civil rights pursuant to 42 USC § 1983, based on the alleged use of excessive force by Lt. Koch in attempting to effect the arrest of Mason for robbery. On appeal from an order granting the motion of the Town and Lt. Koch (collectively, defendants) for summary judgment dismissing the complaint, plaintiff has not raised in his brief any issues with respect to those parts of the order dismissing the first and second causes of action and those parts of the third and fifth causes of action based on the alleged negligent hiring, supervision and training of Lt. Koch by the Town. We therefore deem any such issues abandoned (see Davis v School Dist. of City of Niagara Falls, 4 AD3d 866, 867 [2004]; Forrest v MacKnight, 305 AD2d 1033 [2003]; Ciesinski v Town of Aurora, 202 AD2d 984 [1994]).

We reject the contention of plaintiff that the negligence and 42 USC § 1983 causes of action can be predicated on the alleged negligence of Lt. Koch in failing to prevent Mason's attempted escape from custody. We conclude that defendants owed no duty

to Mason to accomplish his arrest; indeed, where an arrestee is negligently injured as the result of his resisting arrest or attempting to escape from custody, public policy bars any recovery (*see Moore v County of Suffolk*, 11 AD3d 591, 592 [2004]; *Johnson v State of New York*, 253 AD2d 274, 278-280 [1999]; *see generally Manning v Brown*, 91 NY2d 116, 120-121 [1997]; *Barker v Kallash*, 63 NY2d 19, 24 [1984]). We agree with plaintiff, however, that Supreme Court erred in granting summary judgment dismissing the negligence and 42 USC § 1983 causes of action insofar as those causes of action are based on the alleged use of excessive force, and we therefore modify the order accordingly. Defendants made a prima facie showing that the use of deadly physical force by Lt. Koch was not excessive based on his objectively reasonable belief that the use of such force was necessary to prevent serious injury to himself or others. The affidavit of plaintiff's expert, however, raises a triable issue of fact whether, with respect to the negligence cause of action, Lt. Koch "exercise[d] that degree of care which would reasonably be required of a police officer under similar circumstances" (*McCummings v New York City Tr. Auth.*, 81 NY2d 923, 925 [1993], *rearg denied* 82 NY2d 706 [1993], *cert denied* 510 US 991 [1993]; *see McCuller v City of Rochester*, 178 AD2d 948, 948-949 [1991]). Further, with respect to the causes of action asserting the violations of Mason's constitutional and civil rights pursuant to 42 USC § 1983, there is a triable issue of fact whether the use of deadly force was "objectively reasonable" (*Graham v Connor*, 490 US 386, 397 [1989]; *see Vizzari v Hernandez*, 1 AD3d 431, 432 [2003]; *Passino v State of New York*, 260 AD2d 915, 916 [1999], *lv denied* 93 NY2d 814 [1999]; *Harvey v Brandt*, 254 AD2d 718, 719 [1998]; *see also McCummings*, 81 NY2d at 927). Present—Hurlbutt, A.P.J., Kehoe, Smith and Green, JJ.