*987 On September 13, 2008, the plaintiff was arrested in his home pursuant to an arrest warrant on charges that he committed criminal mischief in the second degree, a class D felony (see Penal Law § 145.10). The accusatory instrument that resulted in the issuance of the arrest warrant was based on signed statements from the plaintiff’s girlfriend and the father of the plaintiffs girlfriend. Town of Greenburgh Sgt. Edward Olson (hereinafter Olson) was a member of the tactical team that, on orders of the chief of the Town of Greenburgh Police Department (hereinafter the police department), forcibly entered the plaintiffs home and effectuated the arrest. At the time of the plaintiffs arrest, the police department had received information that, inter alia, the plaintiff had been seen with a gun two days earlier, had threatened to shoot his girlfriend, was possibly holding his girlfriend hostage in his home, and kept three pit bulls in his home.
Following his arrest, the plaintiff was indicted on numerous charges, but was later acquitted on all counts. Thereafter, the plaintiff commenced this action against Olson, among others, asserting a cause of action pursuant to 42 USC § 1983 that alleged use of excessive force in violation of his rights under the Fourth Amendment to the United States Constitution, as well as state common-law causes of action sounding in assault and battery, false arrest, and false imprisonment, and causes of action sounding in malicious prosecution under both state law and pursuant to 42 USC § 1983. In an order entered September 30, 2011, the Supreme Court, inter alia, denied Olson’s motion for summary judgment dismissing the complaint insofar as asserted against him. Olson appeals.
“In order to prevail on a cause of action seeking to recover damages for false arrest or imprisonment, a plaintiff must prove that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was aware of the resulting confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged” (Rivera v County of Nassau, 83 *988 AD3d 1032, 1033 [2011]; see Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]). “A [42 USC] § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law” (Weyant v Okst, 101 F3d 845, 852 [1996] [citation omitted]).
Olson submitted evidence that “the plaintiff was arrested pursuant to a facially valid arrest warrant issued by a court having jurisdiction” (Campbell v County of Westchester, 80 AD3d 641, 641-642 [2011]). Accordingly, he established, prima facie, his entitlement to judgment as a matter of law dismissing the false arrest and false imprisonment causes of action by showing that the plaintiffs confinement was privileged (id.; see Lyman v Town of Amherst, 74 AD3d 1842 [2010]).
The plaintiff failed to raise a triable issue of fact in opposition. Contrary to the plaintiffs contention, the defendant was entitled to enter his home forcibly for the purpose of executing a felony arrest warrant founded on probable cause (see Payton v New York, 445 US 573, 602-603 [1980]; People v Gerecke, 34 AD3d 1260, 1261 [2006]; People v Murray, 267 AD2d 492, 494 [1999]). “Where a warrant of arrest is issued by a court of competent jurisdiction, there is a presumption that the arrest was issued on probable cause” (Lyman v Town of Amherst, 74 AD3d at 1842 [internal quotation marks omitted]; see Gisondi v Town of Harrison, 72 NY2d 280, 283-284 [1988]; Broughton v State of New York, 37 NY2d at 458), and the plaintiff did not rebut this presumption. Accordingly, Olson was entitled to summary judgment dismissing the false arrest and false imprisonment causes of action insofar as asserted against him.
“Generally, when there is an alleged unlawful arrest made pursuant to a valid warrant, the appropriate form of action is malicious prosecution, not false imprisonment” (Williams v City of Buffalo, 72 AD2d 952, 953 [1979]). “In order to prevail on a [42 USC] § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law” (Manganiello v City of New York, 612 F3d 149, 160-161 [2010] [citations omitted]). “The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice” (Broughton v State of New York, 37 NY2d at 457).
*989 “Once a suspect has been indicted . . . the indictment creates a presumption of probable cause to believe that the suspect committed the crime. This presumption may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, [or] that they have withheld evidence or otherwise acted in bad faith” (Chetrick v Cohen, 52 AD3d 449, 450 [2008] [citations and internal quotation marks omitted]). Here, Olson demonstrated his prima facie entitlement to judgment as a matter of law by showing that the plaintiff was indicted by a grand jury for the subject incident, thus creating a presumption of probable cause (id.; see Strange v County of Westchester, 29 AD3d 676, 676-677 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Olson’s motion which was for summary judgment dismissing both of the causes of action alleging malicious prosecution insofar as asserted against him.
“A claim that a law enforcement official used excessive force during the course of an arrest, investigatory stop, or other seizure of the person is to be analyzed under the objective reasonableness standard of the Fourth Amendment. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight” (Campagna v Arleo, 25 AD3d 528, 529 [2006] [citations and internal quotation marks omitted]).
Olson established that a different police officer engaged in certain of the acts complained of by the plaintiff, that the plaintiff could not identify which officer allegedly slammed him against a mirror and against a wall, that the plaintiff, in any event, sustained no injuries as a result of being slammed against a mirror, and that the sole use of force that can properly be attributed to Olson was reasonable and did not result in any injury to the plaintiff. Accordingly, Olson established his prima facie entitlement to judgment as a matter of law dismissing the cause of action predicated on an alleged use of excessive force insofar as asserted against him (see Diederich v Nyack Hosp., 49 AD3d 491, 494 [2008]; Gagliano v County of Nassau, 31 AD3d 375, 376 [2006]; Higgins v City of Oneonta, 208 AD2d 1067, 1070-1071 [1994]; cf. Matter of Scully v Safir, 282 AD2d 305, 305-306 [2001]). The plaintiff failed to raise a triable issue of fact in opposition.
The branches of Olson’s motion which were for summary *990 judgment dismissing the causes of action alleging common-law assault and battery should similarly have been granted under the circumstances of this case (see Wyllie v District Attorney of County of Kings, 2 AD3d 714, 718-719 [2003]).
In light of our determination, we need not reach the parties’ contentions regarding Olson’s claim of entitlement to qualified immunity (see Foley v County of Suffolk, 80 AD3d 658, 660 [2011]).
The plaintiff’s remaining contentions are without merit. Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.