Angela Lepore et al., Respondents, v Town of Green-burgh et al., Appellants, et al., Defendant. [992 NYS2d 329]—

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, etc., the defendants Town of Greenburgh and P.O. Roberts appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered June 10, 2013, as denied those branches of their motion which were for summary judgment dismissing the first, fifth, and sixth causes of action insofar as asserted against them and, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against P.O. John Does 1 through 8, and (2) so much of an order of the same court entered December 5, 2013, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered June 10, 2013 is dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the order entered December 5, 2013, made upon reargument; and it is further,

Ordered that the order entered December 5, 2013 is modified, on the law, by deleting the provisions thereof, upon reargument, adhering to so much of the original determination in the order entered June 10, 2013 as denied those branches of the motion of the defendants Town of Greenburgh and P.O. Roberts which were for summary judgment dismissing the first cause of action insofar as asserted against the Town of Greenburgh, and, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against P.O. John Does 1 through 8, and substituting therefor a provision, upon reargument, vacating so much of the prior determination as denied those branches of the motion of the defendants Town of Greenburgh and P.O. Roberts and thereupon granting those branches of the motion; as so modified, the order entered December 5, 2013 is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly, upon reargument, adhered to so much of its original determination as denied those branches of the motion of the defendants Town of Greenburgh and P.O. Roberts (hereinafter together the Town defendants) which were for summary judgment dismissing the first cause of action, which alleged a violation of 42 USC § 1983 predicated upon allegations of excessive force, insofar as asserted against P.O. Roberts, a police officer employed by the Town, and the fifth cause action to recover damages for battery insofar as asserted

against them. "Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness" (*Moore v City of New York*, 68 AD3d 946, 947 [2009]; *see Graham v Connor*, 490 US 386, 394-395 [1989]). "The reasonableness of an officer's use of force must be 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight' " (*Rivera v City of New York*, 40 AD3d 334, 341 [2007], quoting *Graham v Connor*, 490 US at 396; *see Eckardt v City of White Plains*, 87 AD3d 1049 [2011]). Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide (*see Holland v City of Poughkeepsie*, 90 AD3d 841, 844 [2011]; *Harvey v Brandt*, 254 AD2d 718, 719 [1998]). If found to be objectively reasonable, the officer's actions are privileged under the doctrine of qualified immunity (*see Holland v City of Poughkeepsie*, 90 AD3d at 844; *Hayes v City of Amsterdam*, 2 AD3d 1139, 1140 [2003]; *Higgins v City of Oneonta*, 208 AD2d 1067, 1070 n 1 [1994]). "To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, i.e., wrongful under all of the circumstances, and intent to make the contact without the plaintiff's consent" (*Higgins v Hamilton*, 18 AD3d 436, 436 [2005]).

Here, in opposition to the Town defendants' prima facie showing that P.O. Roberts's use of force in arresting the plaintiff Angela Lepore was objectively reasonable, the plaintiffs adduced evidence raising a triable issue of fact as to whether P.O. Roberts's use of force was excessive and wrongful under the circumstances.

However, the Supreme Court erred, upon reargument, in adhering to so much of its original determination as denied that branch of the Town defendants' motion which was for summary judgment dismissing the first cause of action insofar as asserted against the Town. "A municipality is not liable under 42 USC § 1983 for an injury inflicted solely by its employees or agents" (*Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 703 [2010]; *see Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]), or "solely upon the doctrine of respondeat superior or vicarious liability" (*Lopez v Shaughnessy*, 260 AD2d 551, 552 [1999]; *see Connick v Thompson*, 563 US —, —, 131 S Ct 1350, 1359 [2010]; *Eckardt v City of White Plains*, 87 AD3d at 1052; *Alex LL. v Department of Social Servs. of Albany County*, 60 AD3d 199, 205 [2009]). Accordingly, since the first cause of action seeks to impose liability on the Town pursuant to 42

USC § 1983 solely for the actions of P.O Roberts, the Town is entitled to summary judgment dismissing that cause of action.

However, the fifth cause of action, alleging common-law battery against the Town defendants, is still viable because the Town may be vicariously liable for the actions of its employee, P.O. Roberts. Unlike cases commenced under 42 USC § 1983, municipalities may be liable, under the doctrine of respondeat superior, for the common law torts, such as false arrest, malicious prosecution, assault, and battery, committed by their employees (*see Eckardt v City of White Plains*, 87 AD3d at 1051; *see also Merritt v Village of Mamaroneck*, 233 AD2d 303, 304 [1996]).

The Supreme Court properly, upon reargument, adhered to so much of its original determination as denied that branch of the Town defendants' motion which was for summary judgment dismissing the sixth cause of action, which alleged loss of consortium, insofar as asserted against them. They failed to adduce evidence demonstrating their prima facie entitlement to judgment as a matter of law dismissing that cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court erred, upon reargument, in adhering to so much of its original determination as denied that branch of the Town defendants' motion which was, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against P.O. John Does 1 through 8. The Town defendants demonstrated that the complaint should be dismissed insofar as asserted against the John Does by showing that the plaintiffs failed to identify the John Does and serve them with process prior to the expiration of the statutes of limitations applicable to this case. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether they exercised due diligence in attempting to identify and serve the John Does such that the applicable limitations periods had tolled or were otherwise inapplicable (*see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768 [2012]; *Temple v New York Community Hosp. of Brooklyn*, 89 AD3d 926 [2011]). Accordingly, upon reargument, the Supreme Court should have granted that branch of the Town defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against P.O. John Does 1 through 8. Consequently, the plaintiffs' remaining viable causes of action are the first cause of action, alleging a violation of 42 USC § 1983 against P.O. Roberts, the fifth cause of action, alleging common-law battery against the Town defendants, and the sixth cause of action, alleging loss of consortium by Frank Lepore. Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.