TARRELL WILLIAMS, Respondent, v CITY OF NEW YORK, Defendant, and WILLIAM DANCHAK et al., Appellants. [12 NYS3d 256]—

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the defendants William Danchak, Richard E. Pignatelli, James E. Halleran, Edward J. Deighan, and Michael E. Knott appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated September 18, 2013, as denied that branch of their motion, made jointly with the defendant City of New York, which was for summary judgment dismissing the first cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the defendants William Danchak, Richard E. Pignatelli, James E. Halleran, Edward J. Deighan, and Michael E. Knott, police officers employed by the defendant City of New York (hereinafter collectively the officers), made jointly with the City, which was for summary judgment dismissing the first cause of action insofar as asserted against them. The first cause of action alleged a violation of 42 USC § 1983 predicated upon allegations of excessive force. "A claim that a law enforcement official used excessive force during the course of an arrest . . . is to be analyzed under the objective reasonableness standard of the Fourth Amendment" (*Washington-Herrera v Town of Greenburgh*, 101 AD3d 986, 989 [2012] [internal quotation marks omitted]; *see Lepore v Town of Greenburgh*, 120 AD3d 1202, 1203 [2014]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 844 [2011]). The reasonableness of a particular use of force is judged from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" (*Washington-Herrera v Town of Greenburgh*, 101 AD3d at 989 [internal quotation marks omitted]; *see Lepore v Town of Greenburgh*, 120 AD3d at 1203; *Campagna v Arleo*, 25 AD3d 528, 529 [2006]), and takes into account "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight"

(*Vizzari v Hernandez*, 1 AD3d 431, 432 [2003] [internal quotation marks omitted]). "[A]n officer's decision to use deadly force is objectively reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others" (*Cowan ex rel. Estate of Cooper v Breen*, 352 F3d 756, 762 [2d Cir 2003] [internal quotation marks omitted]; *see Tennessee v Garner*, 471 US 1, 11-12 [1985]; *Farley v Town of Hamburg*, 34 AD3d 1294, 1295 [2006]). "Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide" (*Lepore v Town of Greenburgh*, 120 AD3d at 1203; *Holland v City of Poughkeepsie*, 90 AD3d at 844). "If found to be objectively reasonable, the officer's actions are privileged under the doctrine of qualified immunity" (*Lepore v Town of Greenburgh*, 120 AD3d at 1203; *see Holland v City of Poughkeepsie*, 90 AD3d at 844; *Higgins v City of Oneonta*, 208 AD2d 1067, 1070 n 1 [1994]).

Here, the officers' deposition testimony established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action, which was predicated upon an alleged use of excessive force, insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Washington-Herrera v Town of Greenburgh*, 101 AD3d at 989). However, in opposition, the plaintiff's deposition testimony raised a triable issue of fact as to whether the officers' use of deadly physical force against him was objectively reasonable under the circumstances (*see Zuckerman v City of New York*, 49 NY2d at 562; *Lepore v Town of Greenburgh*, 120 AD3d at 1203).

Accordingly, the Supreme Court properly denied that branch of the officers' motion, made jointly with the City, which was for summary judgment dismissing the first cause of action insofar as asserted against them. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.