# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

253

CA 15-01290

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

JEAN BRIDENBAKER AND GARRY K. CONNORS, AS
ADMINISTRATORS OF THE ESTATE OF MATTHEW RYAN
CONNORS, DECEASED, PLAINTIFFS-RESPONDENTS,

V                                                        MEMORANDUM AND ORDER

CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT AND
OFFICER JAMES T. REESE, DEFENDANTS-APPELLANTS.

---

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

HOGAN WILLIG, PLLC, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John L.
Michalski, A.J.), entered October 29, 2014. The order, among other
things, denied defendants' motion for summary judgment dismissing the
amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages
arising from the death of their son (decedent), who was shot and
killed by defendant Officer James T. Reese, an officer employed by
defendant Buffalo Police Department. The amended complaint asserts
causes of action for wrongful death, conscious pain and suffering,
negligent hiring, training, and supervision, battery, and the
violation of decedent's constitutional and civil rights pursuant to 42
USC § 1983, based on the alleged use of excessive force by Officer
Reese in attempting to arrest decedent for robbery. Defendants moved
for summary judgment dismissing the amended complaint, and plaintiffs
moved to compel production of Reese's entire employment file for in
camera review. Supreme Court denied defendants' motion and granted
plaintiffs' motion. We affirm.

The record establishes that, shortly before he was shot by Reese,
decedent was seen by several witnesses brandishing what appeared to be
a large handgun while robbing a pharmacy. Witnesses saw decedent
leaving the scene of the robbery in a vehicle, the license plate
number of which was conveyed to police. Reese and other officers
responded to the address to which the vehicle was registered, and
Reese was informed that decedent had just arrived and had run to his

upstairs apartment.  According to Reese, he followed decedent into his apartment, and decedent spun around and pointed what appeared to be a large handgun at him.  Reese grabbed the gun with his left hand and a struggle ensued, during which decedent allegedly yelled that Reese was "going to have to kill" him.  As decedent turned, Reese began to lose his grip on the gun and started to fall.  Reese, allegedly fearing for his life, fatally shot decedent in the back with his service weapon, which was in his right hand.  The weapon in decedent's hand turned out to be a pellet gun.

We conclude that the court properly denied defendants' motion for summary judgment dismissing the amended complaint.  Defendants have abandoned on appeal any contention with respect to the negligent hiring, training, and supervision cause of action (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984), and the remaining causes of action are based on the alleged excessiveness of the force used by Reese in his confrontation with decedent.  "Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness" (*Ostrander v State of New York*, 289 AD2d 463, 464; *see Williams v City of New York,* 129 AD3d 1066, 1066).  "The use of force must be judged 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight,' recognizing that 'police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation' " (*Holland v City of Poughkeepsie*, 90 AD3d 841, 844, quoting *Graham v Connor*, 490 US 386, 396-397).  The decision to use deadly force will be deemed objectively reasonable if the officer has probable cause to believe that the person against whom it is used " 'poses a significant threat of death or serious physical injury to the officer or others' " (*Williams*, 129 AD3d at 1067).  "If found to be objectively reasonable, the officer's actions are privileged under the doctrine of qualified immunity" (*Holland*, 90 AD3d at 844).

Defendants, relying on Reese's version of the confrontation, met their initial burden of demonstrating as a matter of law that Reese's use of deadly force against decedent was objectively reasonable and protected by qualified immunity.  We conclude, however, that the court properly denied defendants' motion because plaintiffs raised a triable issue of fact.  In cases such as this, "given the difficult problem posed by a suit for the use of deadly force, in which 'the witness most likely to contradict [the police officer's] story—the person shot dead—is unable to testify[,] . . . the court may not simply accept what may be a self-serving account by the police officer.' . . . Rather, the court must also consider 'circumstantial evidence that, if believed, would tend to discredit the police officer's story, and consider whether this evidence could convince a rational factfinder that the officer acted unreasonably' " (*O'Bert v Vargo*, 331 F3d 29, 37).  Furthermore, it is well settled that our function on a motion for summary judgment is issue finding, not issue determination (*see e.g. Potter v Polozie*, 303 AD2d 943, 944).

As plaintiffs contend, there is evidence in the record that

decedent, who had suffered allegedly disabling back injuries in a car accident, may have been physically incapable of engaging in the struggle described by Reese.  The record also includes a statement from another police officer, in which he stated that Reese had told him that decedent beat Reese with the gun.  That statement contradicts Reese's testimony that he immediately grabbed the gun when decedent spun around and faced him with it.  Further, Reese's captain allegedly told decedent's father immediately after the shooting that the shooting had been an "accident," as opposed to a justified shooting. Finally, although Reese testified that he had never met decedent before the shooting, other witnesses asserted not only that Reese had met decedent, but that he had beaten decedent and harassed him in the months leading to the shooting because of an altercation that decedent allegedly had with Reese's wife.

Finally, we conclude that the court did not abuse its "broad discretion to control discovery" by granting plaintiffs' motion to compel production of Reese's entire personnel file (*Voss v Duchmann*, 129 AD3d 1697, 1698).

Entered:  March 25, 2016                        Frances E. Cafarell
                                                Clerk of the Court