Hernandez v Denny's Corp. (2019 NY Slip Op 08302)





Hernandez v Denny's Corp.


2019 NY Slip Op 08302


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


944 CA 19-00422

[*1]HECTOR A. HERNANDEZ, PLAINTIFF-RESPONDENT-APPELLANT,
v
DENNY'S CORPORATION, DEFENDANT-RESPONDENT, GILLS 04, INC., DOING BUSINESS AS DENNY'S, ANTHONY STUCCHI, GREGORY JONES, DEFENDANTS-APPELLANTS-RESPONDENTS, ET AL., DEFENDANT. 






THORN GERSHON TYMANN AND BONANNI, LLP, ALBANY (ERIN MEAD OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
NELSON S. TORRE, BUFFALO, FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered August 24, 2018. The order granted in part and denied in part the motion of plaintiff for summary judgment and granted in part and denied in part the cross motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and granting that part of the cross motion seeking summary judgment dismissing the third cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was arrested by defendants Anthony Stucchi and Gregory Jones, security guards at a Denny's restaurant (restaurant). Defendant Gills 04, Inc. (Gills), doing business as Denny's, was the franchisee of the restaurant and employed Stucchi and Jones, both peace officers, to provide security at the restaurant in the evening and early morning hours of the weekends. Plaintiff also named as a defendant Denny's Corporation (Denny's), the alleged franchisor of the restaurant. Plaintiff moved for, inter alia, summary judgment on the issue of liability with respect to his causes of action for malicious prosecution, false arrest, and assault and battery, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court, inter alia, granted the motion in part with respect to the causes of action for false arrest and assault and battery and granted the cross motion in part by dismissing the complaint against Denny's. Gills, Stucchi, and Jones (defendants) now appeal, and plaintiff cross-appeals.
Contrary to plaintiff's contention on his cross appeal, the court properly denied that part of his motion with respect to the cause of action for malicious prosecution. In a cause of action for malicious prosecution, "a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice" (Martinez v City of Schenectady, 97 NY2d 78, 84 [2001]; see Broughton v State of New York, 37 NY2d 451, 457 [1975], cert denied 423 US 929 [1975]). Plaintiff was charged with trespass and disorderly conduct, but he was acquitted of the charges upon a nonjury verdict. Without considering the other elements of this cause of action, we conclude that the evidence submitted by plaintiff in support of his motion raised a triable issue of fact whether there was probable cause to arrest him for those charges and that he thus failed to establish his entitlement to judgment as a matter of law on the issue of liability with respect to the malicious prosecution cause of action (see generally Gisondi v Town of Harrison, [*2]72 NY2d 280, 283 [1988]). "The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom' " (Fortunato v City of New York, 63 AD3d 880, 880 [2d Dept 2009]). "Where there is conflicting evidence, from which reasonable persons might draw different inferences[,] . . . the question [is] for the jury' " (Parkin v Cornell Univ., 78 NY2d 523, 529 [1991]).
Plaintiff submitted the testimony of Stucchi from the criminal trial, wherein he testified that plaintiff was swearing, belligerent, and hostile when Stucchi approached him in the restaurant. Stucchi instructed plaintiff to leave the restaurant. Plaintiff also submitted surveillance videos from the restaurant, which have no sound, and a cell phone video of the arrest. The videos support Stucchi's testimony that plaintiff did not leave as directed but rather kept talking to the security officers, which would support the charge of trespass (see Penal Law § 140.05). To support a charge of disorderly conduct, the conduct must " extend[] beyond the exchange between the individual disputants to a point where it becomes a potential or immediate public problem' " (People v Baker, 20 NY3d 354, 359-360 [2013], quoting People v Weaver, 16 NY3d 123, 128 [2011] [internal quotation marks omitted]; see § 240.20 [3]). The surveillance videos depict a couple in the restaurant repeatedly looking in plaintiff's direction even before Stucchi and Jones first approached him, thus supporting the inference that plaintiff's conduct was loud and disruptive.
Even assuming, arguendo, that plaintiff met his initial burden of establishing that there was no probable cause for the arrest, we conclude that defendants raised a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Defendants submitted the deposition testimony of Jones and Stucchi, wherein they testified that plaintiff was swearing and was loud before they approached him. Defendants also submitted affidavits from a waitress and from a manager of the restaurant, each of whom was working at the time of the incident and averred that plaintiff was swearing, speaking loudly, and acting belligerently. Each further averred that plaintiff was repeatedly directed to leave but refused to do so.
We agree with defendants on their appeal that the court erred in granting those parts of plaintiff's motion with respect to the false arrest and assault and battery causes of action, and we therefore modify the order by denying plaintiff's motion in its entirety. "The existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim" for false arrest (Martinez, 97 NY2d at 85; see Broughton, 37 NY2d at 458). Inasmuch as there is a triable issue of fact whether there was probable cause for the arrest, plaintiff is not entitled to summary judgment on liability with respect to the false arrest cause of action (see Gisondi, 72 NY2d at 283; Fortunato, 63 AD3d at 880-881; Iorio v City of New York, 19 AD3d 452, 453 [2d Dept 2005]).
With respect to the cause of action for assault and battery, "[a] police officer or a peace officer, in the course of effecting or attempting to effect an arrest . . . of a person whom he or she reasonably believes to have committed an offense, may use physical force when and to the extent he or she reasonably believes such to be necessary to effect the arrest" (Penal Law § 35.30 [1]; see CPL 140.25 [1] [a]). " Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness' " (Bridenbaker v City of Buffalo, 137 AD3d 1729, 1730 [4th Dept 2016]; see Williams v City of New York, 129 AD3d 1066, 1066 [2d Dept 2015]). "The reasonableness of a particular use of force . . . takes into account the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight' " (Williams, 129 AD3d at 1066).
We conclude that it is for a jury to determine whether the use of force here was reasonable (see Wright v City of Buffalo, 137 AD3d 1739, 1742 [4th Dept 2016]; Harvey v Brandt, 254 AD2d 718, 719 [4th Dept 1998]). In concluding that the actions of Stucchi and Jones were not reasonable under the circumstances, the court improperly considered only the videos and reviewed them only in the light most favorable to plaintiff instead of defendants, the nonmoving parties with respect to this cause of action (see generally Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]). The court found that plaintiff met his initial burden on the motion because the videos conclusively demonstrated that plaintiff was cooperating with Stucchi [*3]and Jones, but we conclude that the videos, together with Stucchi's testimony from the criminal trial, support the contrary conclusion, and thus plaintiff failed to meet his initial burden. One surveillance video shows that plaintiff ignored Stucchi's initial attempt to address him; when plaintiff finally faced Stucchi, plaintiff did not move or attempt to leave the restaurant until an apparent friend or acquaintance encouraged him to go. Similarly, a woman to whom plaintiff was talking nudged plaintiff several times in what can be interpreted as an attempt to get him to leave the restaurant. The court found that plaintiff was not "verbally abusive," but that conclusion ignores the testimony of Stucchi from the criminal trial. The court further found that plaintiff did not resist the efforts of Stucchi and Jones to remove him from the restaurant, but again the videos support a contrary conclusion. On the videos, plaintiff appeared to repeatedly engage Stucchi instead of simply handing his bill and money to the cashier and leaving the restaurant. With respect to the conduct that actually caused plaintiff's injuries, i.e., Stucchi pulling plaintiff's left arm behind his back in order to handcuff him, the court found that Stucchi's actions were unnecessary and not warranted under the circumstances, but the videos clearly show plaintiff holding his left hand by his face and refusing to give it to Stucchi to be handcuffed.
We further agree with defendants on their appeal that the court erred in denying that part of their cross motion seeking summary judgment dismissing the third cause of action, alleging negligent hiring, retention, supervision, and training, and we therefore further modify the order accordingly. There is no dispute here that Stucchi and Jones were acting within the scope of their employment, and thus a cause of action against Gills for negligent hiring, retention, supervision, and training does not lie; Gills's liability, if any, is pursuant to the theory of respondent superior (see Owen v State of New York [appeal No. 2], 160 AD3d 1410, 1411-1412 [4th Dept 2018]; Watson v Strack, 5 AD3d 1067, 1068 [4th Dept 2004]).
Finally, contrary to plaintiff's contention on his cross appeal, the court properly granted that part of the cross motion seeking summary judgment dismissing the complaint against Denny's. " The mere existence of a franchise agreement is insufficient to impose vicarious liability on the franchisor for the acts of its franchisee; there must be a showing that the franchisor exercised control over the day-to-day operations of its franchisee' " (Niagara Foods, Inc. v Ferguson Elec. Serv. Co., Inc., 111 AD3d 1374, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). Defendants established that Denny's did not exercise control over the day-to-day operations of its franchisee or specifically maintain control over the security of the restaurant, and plaintiff failed to raise a triable issue of fact with respect thereto (see Maisano v McDonald's Corp., 110 AD3d 1476, 1476-1477 [4th Dept 2013]; Martinez v Higher Powered Pizza, Inc., 43 AD3d 670, 671-672 [1st Dept 2007]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court