Jackson v City of New York (2025 NY Slip Op 02334)

Jackson v City of New York

2025 NY Slip Op 02334

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-02783
 (Index No. 705373/17)

[*1]Nancy Jackson, appellant, 
v
City of New York, et al., respondents. Umoh Law Firm, PLLC, New York, NY (Uwem Umoh of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Jonathan Schoepp-Wong of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, malicious prosecution, civil rights violations pursuant to 42 USC § 1983, and violations of the New York State Constitution, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated January 19, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant City of New York and, in effect, the defendants "Does 1-10" which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants "Does 1-10" and denied, as academic, the plaintiff's cross-motion for leave to amend the complaint to substitute Eric Moy in place of the defendants "Does 1-10."
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 18, 2016, New York City police officers arrested the plaintiff at a residential property located in Queens. The following day, the plaintiff was arraigned on a felony complaint charging her with various drug-related crimes. However, on December 20, 2016, the Criminal Court of the City of New York, Queens County, dismissed the charges.
The plaintiff thereafter commenced this action, among other things, to recover damages for false arrest, malicious prosecution, civil rights violations pursuant to 42 USC § 1983, and violations of the New York State Constitution against the City of New York and "Does 1-10" (hereinafter the "Doe" defendants). In September 2022, the City and, in effect, the "Doe" defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the "Doe" defendants. The plaintiff opposed the motion and cross-moved for leave to amend the complaint to substitute Eric Moy, the arresting officer, in place of all the "Doe" defendants. By order dated January 19, 2023, the Supreme Court, among other things, granted that branch of the motion and denied, as academic, the cross-motion. The plaintiff appeals.
"CPLR 1024 permits '[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party' to 'proceed against such person as an unknown party by designating so much of his [or her] name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly'" (Wilmington Trust, N.A. v Shasho, 197 AD3d 534, 536; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 29-35). "Yet, [*2]parties are not to resort to the 'Jane Doe' procedure unless they exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, are unable to do so. Any failure to exercise due diligence to ascertain the 'Jane Doe's name subjects the complaint to dismissal as to that party" (Agosto v Maria, 232 AD3d 835, 837 [internal quotation marks omitted]; see Bumpus v New York City Tr. Auth., 66 AD3d at 30-31).
Here, the defendants demonstrated that the complaint should be dismissed insofar as asserted against the "Doe" defendants by showing that the plaintiff failed to identify and serve the "Doe" defendants with process prior to the expiration of the applicable statute of limitations (see Lepore v Town of Greenburgh, 120 AD3d 1202, 1204). Contrary to the plaintiff's contention, she failed to raise a question "of fact as to whether [she] exercised due diligence in attempting to identify and serve" the "Doe" defendants (id.). In March 2016, Moy signed the felony complaint in the criminal action (see CPL 100.15). "There is no indication in the record that the plaintiff engaged in any pre-action discovery or [that she served any] Freedom of Information Law (Public Officers Law art 6) requests" to attempt to ascertain the identities of the "Doe" defendants (Temple v New York Community Hosp. of Brooklyn, 89 AD3d at 928; see Bumpus v New York City Tr. Auth., 66 AD3d at 33-34; cf. Henderson-Jones v City of New York, 87 AD3d 498, 499, 506). Even though the plaintiff made some attempts to utilize the discovery process to obtain such information (see Bumpus v New York City Tr. Auth., 66 AD3d at 34), she failed to demonstrate that she diligently sought to do so prior to the expiration of any of the applicable limitations periods. For example, the plaintiff initially submitted an authorization to the defendants' counsel allowing the release of sealed criminal records, but it set forth the wrong date of arrest. The defendants' counsel promptly identified the mistake, but the plaintiff did not provide a corrected authorization until months later (see Temple v New York Community Hosp. of Brooklyn, 89 AD3d at 928), at a time when the limitations period of the federal false arrest cause of action was mere days from expiring (see McQueen v City of New York, 209 AD3d 469, 470; Williams v City of New York, 153 AD3d 1301, 1305-1306). Although the defendants produced records identifying Moy as the arresting officer approximately six months prior to the expiration of the limitations period for the federal malicious prosecution cause of action (see Williams v City of New York, 153 AD3d at 1305-1306; Spak v Phillips, 857 F3d 458, 462 [2d Cir]), the plaintiff failed to move for leave to amend the complaint to substitute Moy as a defendant before the expiration of that limitations period (see Holmes v City of New York, 132 AD3d at 954; Temple v New York Community Hosp. of Brooklyn, 89 AD3d at 928). As the plaintiff failed to demonstrate the requisite due diligence, the Supreme Court properly granted that branch of the motion which was to dismiss the complaint insofar as asserted against the "Doe" defendants (see Taylor v City of Buffalo, 229 AD3d at 1126; Lepore v Town of Greenburgh, 120 AD3d at 1204).
Since the Supreme Court properly granted that branch of the motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the "Doe" defendants, the court correctly denied, as academic, the cross-motion for leave to amend the complaint to substitute Moy in place of the "Doe" defendants (see Paulos v City of New York, 122 AD3d 815, 818).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court