■ JUDY ARIAS et al., Respondents, v CITY OF NEW YORK et al., Appellants. [802 NYS2d 209]—

In an action, inter alia, to recover damages for wrongful death, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated August 5, 2003, as denied those branches of their motion which were for summary judgment dismissing the first, second, fourth, and fifth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the first, second, fourth, and fifth causes of action are granted, and those causes of action are dismissed.

This action arises out of the death of Carmine Capone as a result of gunfire that erupted while he was participating in an attempt to sell firearms illegally to undercover New York City police officers. More than 120 days after the note of issue was filed, the defendants moved, inter alia, for summary judgment dismissing the complaint, claiming, among other things, that they were immune from liability on the ground that the act resulting in Capone's death occurred in the exercise of the police officers' professional judgment. The Supreme Court granted those branches of their motion which were for leave to file a late motion for summary judgment and for summary judgment dismissing the third cause of action. However, the Supreme Court denied those branches of the motion which were for summary judgment dismissing the first, second, fourth, and fifth causes of action. The defendants appeal.

Initially, we note that the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for leave to file a late notice of motion

for summary judgment, since the defendants established good cause for the delay (*see Brannigan v Board of Educ. of Levittown Union Free School Dist.*, 18 AD3d 787 [2005]).

A municipal defendant is immune from liability for conduct involving the exercise of discretion and reasoned judgment (*see Mon v City of New York*, 78 NY2d 309 [1991]). This immunity extends to the actions of police officers engaged in law enforcement activities, provided that the officers' actions are not inconsistent with acceptable police practice (*see Lubecki v City of New York*, 304 AD2d 224, 233-234 [2003]; *Rodriguez v City of New York*, 189 AD2d 166, 177-178 [1993]). Here, in support of their motion for summary judgment, the defendants made a prima facie showing of entitlement to judgment as a matter of law by establishing that the acts that resulted in Capone's death were undertaken by the police officers in the exercise of their professional judgment. In response, the plaintiffs failed to raise a triable issue of fact. The record is bereft of evidence that, under the circumstances, the police officers' actions were inconsistent with acceptable police practice. Accordingly, the Supreme Court should have granted those branches of the motion which were for summary judgment dismissing the first, second, fourth, and fifth causes of action (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The parties' remaining contentions are without merit. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.