In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 12, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The injured plaintiff allegedly sustained injuries when she tripped and fell on a fire hose used by the defendant Fire Department of the City of Mount Vernon (hereinafter the Fire Department), to combat a fire in her apartment building. The injured plaintiff and her husband, suing derivatively, commenced this action against the Fire Department and the City of Mount Vernon (hereinafter together the City). After issue was joined, the City moved for summary judgment dismissing the complaint on the ground that the firefighters and police officers on the scene were performing discretionary governmental functions and owed no special duty to the injured plaintiff. The Supreme Court granted the City’s motion, the plaintiffs appeal, and we affirm.
“ ‘[Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general’ ” (Valdez v City of New York, 18 NY3d 69, 76-77 [2011], quoting McLean v City of New York, 12 NY3d 194, 203 [2009]; see United Servs. Auto. Assn. v Wiley, 73 AD3d 1160, 1163 [2010]). Here, the defendants established that, at the time of the injured plaintiff’s fall, they were performing discretionary rather than ministerial acts. Thus, in the absence of a special relationship with the injured plaintiff giving rise to a special duty, the City could not be held liable for the actions of its employees. In opposition to the City’s prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether a special relationship existed between the injured plaintiff and the City (see McLean v City of New York, 12 NY3d at 199, 201-203; United Servs. Auto. Assn. v Wiley, 73 AD3d at 1163).
*811 Accordingly, the Supreme Court properly granted the City’s motion for summary judgment dismissing the complaint.
The parties’ remaining contentions either need not be reached in light of our determination or are without merit. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.