■ Valerie Kelsey et al., as Coadministrators of the Estate of Curtis Goddard, Deceased, Appellants, v City of New York et al., Respondents. [968 NYS2d 903]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated May 22, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the doctrine of governmental function immunity, " '[g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general' " (*Valdez v City of New York*, 18 NY3d 69, 76-77 [2011], quoting *McLean v City of New York*, 12 NY3d 194, 203 [2009]; *see Miserendino v City of Mount Vernon*, 96 AD3d 810 [2012]).

Here, the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the allegedly negligent acts of the defendant police officers were discretionary and not ministerial (*see Arias v City of New York*, 22 AD3d 436, 437 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Balkin, J.P., Hall, Lott and Sgroi, JJ., concur.