■ FREDDY R. RODRIGUEZ et al., Respondents, v TOWN OF CLARKSTOWN POLICE DEPARTMENT et al., Appellants, et al., Defendants. [999 NYS2d 422]—

In an action, inter alia, to recover damages for negligence, the defendants Town of Clarkstown Police Department and Town of Clarkstown appeal from so much of an order of the Supreme Court, Rockland County (Loehr, J.), dated June 28, 2013, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Town of Clarkstown Police Department and Town of Clarkstown for summary judgment dismissing the complaint insofar as asserted against them is granted.

Under the doctrine of governmental function immunity, " '[g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general' " (*Valdez v City of New York*, 18 NY3d 69, 76-77 [2011], quoting *McLean v City of New York*, 12 NY3d 194, 203 [2009]; *see Kelsey v City of New York*, 108 AD3d 689, 689 [2013]; *Miserendino v City of Mount Vernon*, 96 AD3d 810, 810 [2012]).

Here, the defendants Town of Clarkstown Police Department and Town of Clarkstown (hereinafter together the Town defendants) established their prima facie entitlement to judgment as a matter of law by demonstrating that the allegedly negligent

acts of the police officers were discretionary and not ministerial (*see Kelsey v City of New York,* 108 AD3d at 689; *Arias v City of New York,* 22 AD3d 436, 437 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the Town defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.