■ DEMETRIO DAVILA, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [33 NYS3d 306]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Wade, Jr., J.), entered February 19, 2014, as, upon a jury verdict on the

issue of liability, upon the denial of those branches of their motion which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action to recover damages for negligence and excessive force, made at the close of the plaintiff's case, and upon the denial of their motion pursuant to CPLR 4404 to set aside the jury verdict on the issue of damages awarding the plaintiff the principal sums of $1.5 million for past pain and suffering and $3.5 million for future pain and suffering, is in favor of the plaintiff and against them in the principal sum of $5 million, and the plaintiff cross-appeals from stated portions of the same judgment.

Ordered that the judgment is reversed insofar as appealed from, on the law, those branches of the defendants' motion which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging negligence and excessive force are granted, and the complaint is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that the defendants are awarded one bill of costs.

On the morning of March 10, 2005, two police officers responded to several 911 emergency calls reporting a disturbance at an apartment building in Brooklyn where the plaintiff resided with his parents. While the officers were attempting to restrain the plaintiff, who had a long history of mental illness and was behaving erratically, both he and the officers fell down a flight of stairs. The plaintiff subsequently commenced this action to recover damages for personal injuries on theories, inter alia, of negligence and use of excessive force in violation of 42 USC § 1983. As relevant to this appeal, at the conclusion of a jury trial, the jury found in favor of the plaintiff on his causes of action to recover damages for negligence and use of excessive force, and awarded him damages. The defendants moved, inter alia, pursuant to CPLR 4401 for judgment as a matter of law dismissing those causes of action, and the Supreme Court denied those branches of their motion.

The Supreme Court erred in denying that branch of the defendants' motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action alleging the use of excessive force by the police officers. "A claim that a law enforcement official used excessive force during the course of an arrest, investigatory stop, or other 'seizure' of the person is to be analyzed under the 'objective reasonableness' standard of the Fourth Amendment" (*Vizzari v Hernandez*, 1 AD3d 431, 432 [2003], quoting US Const 4th Amend; *see Graham v Con-*

*nor*, 490 US 386, 388 [1989]; *Combs v City of New York*, 130 AD3d 862, 864-865 [2015]; *Campagna v Arleo*, 25 AD3d 528, 529 [2006]). In determining whether the use of force was reasonable, the jury must take into account police officers' frequent need to make "split-second judgments" about how much force is necessary "in circumstances that are tense, uncertain, and rapidly evolving," and avoid applying "the 20/20 vision of hindsight" (*Graham v Connor*, 490 US at 396-397; *see Plumhoff v Rickard*, 572 US —, —, 134 S Ct 2012, 2020 [2014]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 844 [2011]; *Campagna v Arleo*, 25 AD3d at 529). "[I]t is reasonable for police to move quickly if delay would gravely endanger their lives or the lives of others . . . This is true even when, judged with the benefit of hindsight, the officers may have made some mistakes" (*City & County of San Francisco v Sheehan*, 575 US —, —, 135 S Ct 1765, 1775 [2015] [internal quotation marks omitted]).

Here, it is undisputed that, by the time they arrived at the scene, the defendant officers were aware that they were dealing with an emotionally disturbed person, that the person had started or attempted to start a fire, and that he had been throwing items out of the window of the apartment where he lived with his parents. Upon entering the building's stairwell, the officers were confronted by the plaintiff, naked except for a pair of underpants around his knees or ankles. The circumstances almost immediately became more tense when the officers attempted to approach the plaintiff and he punched one of them in the face and fled up the stairs, screaming. While the officers could have waited for the Emergency Services Unit (hereinafter ESU) to arrive and take over, it cannot be said that, by approaching the plaintiff and speaking to him, they employed excessive force. In addition, viewing the evidence in the light most favorable to the plaintiff, and affording him "every inference which may properly be drawn from the facts presented" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Messina v Staten Is. Univ. Hosp.*, 121 AD3d 867, 868 [2014]; *Leonard v New York City Tr. Auth.*, 90 AD3d 858, 859 [2011]), it cannot be said that, after the plaintiff struck one officer in the face and ran up the stairs screaming, the officers used force beyond what was objectively reasonable to contain the plaintiff, an emotionally disturbed person whom they viewed as posing a danger to himself and others, and who had committed a crime by assaulting an officer and then resisting arrest (*see Koeiman v City of New York*, 36 AD3d 451 [2007]). The plaintiff's expert witness, a retired police officer who testified that the officers' actions did not comport with acceptable police practice, "did

not furnish any basis for his conclusion that the officers departed from established protocol" (*Pacheco v City of New York*, 104 AD3d 548, 550 [2013]).

Moreover, under the circumstances of this case, the officers' actions would be entitled to qualified immunity as a matter of law. "If found to be objectively reasonable, [an] officer's actions are privileged under the doctrine of qualified immunity" (*Lepore v Town of Greenburgh*, 120 AD3d 1202, 1203 [2014]; *see Williams v City of New York*, 129 AD3d 1066, 1067 [2015]; *Holland v City of Poughkeepsie*, 90 AD3d 841, 844 [2011]). "The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (*Mullenix v Luna*, 577 US —, —, 136 S Ct 305, 308 [2015] [internal quotation marks omitted]). While the doctrine does not require "a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate" (*Ashcroft v al-Kidd*, 563 US 731, 741 [2011]; *see Mullenix v Luna*, 577 US at —, 136 S Ct at 308). "[I]f officers of reasonable competence could disagree on this issue, immunity should be recognized" (*Malley v Briggs*, 475 US 335, 341 [1986]). The dispositive question is whether the violative nature of particular conduct is clearly established (*see Ashcroft v al-Kidd*, 563 US at 742; *Mullenix v Luna*, 577 US at —, 136 S Ct at 308). "This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition" (*Mullenix v Luna*, 577 US at —, 136 S Ct at 308 [internal quotation marks omitted]; *see Brosseau v Haugen*, 543 US 194, 198 [2004]; *Saucier v Katz*, 533 US 194, 201 [2001]). "Such specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts" (*Mullenix v Luna*, 577 US at —, 136 S Ct at 308 [internal quotation marks and brackets omitted]; *see Saucier v Katz*, 533 US at 205). "This exacting standard 'gives government officials breathing room to make reasonable but mistaken judgments' by 'protect[ing] all but the plainly incompetent or those who knowingly violate the law' " (*City & County of San Francisco v Sheehan*, 575 US at —, 135 S Ct at 1774, quoting *Ashcroft v al-Kidd*, 563 US at 743; *see Malley v Briggs*, 475 US at 341; *Estate of Jaquez v City of New York*, 104 F Supp 3d 414, 420 [SD NY 2015]).

Here, considering the specific context of the case (*see Mullenix v Luna*, 577 US at —, 136 S Ct at 308), it is clear that of-

ficers of reasonable competence could disagree (*Malley v Briggs*, 475 US at 341) on whether the defendant officers should have waited for the ESU to arrive, instead of approaching the plaintiff initially and then, after he struck one officer, rushing the plaintiff and attempting to handcuff him (*see City & County of San Francisco v Sheehan*, 575 US —, 135 S Ct 1765 [2015]; *see also Mullenix v Luna*, 577 US —, 136 S Ct 305 [2015]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action alleging the use of excessive force by the police officers.

Likewise, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action alleging negligence based on the officers' actions. Under the doctrine of governmental function immunity, " '[g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general' " (*Valdez v City of New York*, 18 NY3d 69, 76-77 [2011], quoting *McLean v City of New York*, 12 NY3d 194, 203 [2009]; *see Lauer v City of New York*, 95 NY2d 95, 99 [2000]; *Kelsey v City of New York*, 108 AD3d 689 [2013]; *Miserendino v City of Mount Vernon*, 96 AD3d 810 [2012]). "[D]iscretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (*Haddock v City of New York*, 75 NY2d 478, 484 [1990] [internal quotation marks omitted]; *see McCants v Hempstead Union Free Sch. Dist.*, 127 AD3d 941, 942 [2015]). "[E]ven if a plaintiff establishes all elements of a negligence claim, a state or municipal defendant engaging in a governmental function can avoid liability if it timely raises the defense and proves that the alleged negligent act or omission involved the exercise of discretionary authority" (*Valdez v City of New York*, 18 NY3d at 76; *see Shipley v City of New York*, 25 NY3d 645, 653 [2015]; *McLean v City of New York*, 12 NY3d at 202; *Lauer v City of New York*, 95 NY2d at 99; *Mon v City of New York*, 78 NY2d 309, 313 [1991]; *Haddock v City of New York*, 75 NY2d at 484).

Here, the Supreme Court properly found that the evidence established as a matter of law that the allegedly negligent acts of the police officers were discretionary, and not ministerial (*see Kelsey v City of New York*, 2012 NY Slip Op 31686[U] [Sup Ct, Queens County 2012], *affd* 108 AD3d 689 [2013]) and,

therefore, that the doctrine of governmental function immunity precluded liability for the allegedly negligent conduct of the officers (*see Valdez v City of New York*, 18 NY3d at 76). However, the court erred in refusing to dismiss the negligence cause of action based on its finding that the defense was untimely raised. In fact, the record demonstrates that the defendants sufficiently pleaded the governmental immunity defense in their verified answer and amended answer. Accordingly, the court erred in denying that branch of the defendants' motion (*see Murchison v State of New York*, 97 AD3d 1014, 1017 [2012]).

The plaintiff's argument that he was prejudiced by the Supreme Court's instruction to the jury to proceed to damages without addressing the negligence question if it found for the plaintiff on the issue of excessive force has been rendered academic by the foregoing analysis. In any event, that argument is not properly before this Court, since the plaintiff did not address this issue in his main brief, but only in his reply (*see Matter of Keyes v Watson*, 133 AD3d 757, 759 [2015]). Further, since the plaintiff's notice of cross appeal was limited to the issue of the court's instruction to the jury, the plaintiff's contention that the Supreme Court erred in dismissing his cause of action for assault and battery is not properly before this Court (*see* CPLR 5515 [1]; *Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852, 853 [2014]).

In light of the above, the parties' remaining contentions have been rendered academic. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.