■ MILDRED BOYD, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [52 NYS3d 370]—

In an action, inter alia, to recover damages for personal injuries and for civil rights violations pursuant to 42 USC § 1983, the defendants City of New York and Sergeant Angel Gomez appeal from a judgment of the Supreme Court, Kings County (F. Rivera, J.), entered October 28, 2014, which, upon an order of the same court dated May 20, 2014, denying their motion, made jointly with the defendants Detective Selwyn Fonrose, Detective Robert Simms, and Detective Mark Collao, pursuant to CPLR 4404 (a), inter alia, to set aside a jury verdict and for judgment as a matter of law, is in favor of the plaintiff and against them in the total sum of $847,087.48.

Ordered that the judgment is reversed, on the law, with costs, that branch of the appellants' motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law is granted, the complaint is dismissed insofar as asserted against the appellants, and the order dated May 20, 2014, is modified accordingly.

The plaintiff alleges that the defendant New York City police officers used excessive force in the process of executing a search warrant at her home. The warrant indicated that there was reasonable cause to believe that illegal drugs and drug paraphernalia would be found at the premises. The plaintiff was handcuffed for several minutes while the police secured her house. The plaintiff testified at trial that the police were in her house for about three hours, although the defendant Sergeant Angel Gomez testified that the police were in the plaintiff's house for less than one hour. The plaintiff, who was 72 years old at the time of the incident, testified that after the police left, her blood pressure was high, her head and stomach were

hurting, and her heart was racing. While the plaintiff did not request medical attention when the police were in her house, she went to the hospital later that day, where she was placed on a heart monitor and admitted for three days.

The plaintiff commenced this action, alleging several causes of action in her complaint. Prior to trial, the Supreme Court granted the defendants' motion for summary judgment to the extent of directing the dismissal of all causes of action except for the one alleging excessive force. At trial, the jury found that Gomez had used excessive force during the execution of the warrant. The defendants City of New York and Gomez (hereinafter together the appellants), jointly with the other defendants, moved pursuant to CPLR 4404 (a), inter alia, to set aside the verdict and for judgment as a matter of law, and the court denied the motion. Judgment in the total sum of $847,087.48 was entered in favor of the plaintiff and against the appellants.

The Supreme Court should have granted that branch of the appellants' motion which was to set aside the verdict and for judgment as a matter of law, as the verdict was not supported by legally sufficient evidence. There is no valid line of reasoning and permissible inferences which could possibly lead a rational person to the conclusion reached by the jury on the basis of the evidence presented at trial (see Alexander v City of New York, 82 AD3d 1022, 1024 [2011]).

There is no dispute here as to the validity of the search warrant. " '[A] warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted' " (Linson v City of New York, 98 AD3d 1002, 1003 [2012], quoting Michigan v Summers, 452 US 692, 705 [1981]). " '[A]uthorization to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention' " (Linson v City of New York, 98 AD3d at 1003, quoting Muehler v Mena, 544 US 93, 98-99 [2005]). Therefore, a police officer executing a search warrant is privileged to use reasonable force to effectuate the detention of the occupants of the place to be searched (see Ali v City of New York, 122 AD3d 888, 891 [2014]; Linson v City of New York, 98 AD3d at 1003-1004). A claim that a law enforcement official used excessive force is to be analyzed under the objective reasonableness standard of the Fourth Amendment (see Davila v City of New York, 139 AD3d 890, 892 [2016]; Holland v City of Poughkeepsie, 90 AD3d 841, 844 [2011]). "The reasonableness of a particular use of force is judged from 'the perspective of a reasonable officer

on the scene, rather than with the 20/20 vision of hindsight' " (*Williams v City of New York*, 129 AD3d 1066, 1066 [2015], quoting *Washington-Herrera v Town of Greenburgh*, 101 AD3d 986, 989 [2012]; *see Lepore v Town of Greenburgh*, 120 AD3d 1202, 1203 [2014]). "The determination of an excessive force claim requires an analysis of the facts of the particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [he or she] is actively resisting arrest or attempting to evade arrest by flight" (*Vizzari v Hernandez*, 1 AD3d 431, 432 [2003] [internal quotation marks omitted]).

Here, although the plaintiff did not resist or attempt to flee, the actions of the officers were reasonable given that they had reason to believe that illegal drugs were being sold from the premises, and that a known drug dealer might be present. Under the circumstances, where the police were executing a search warrant to find illegal drugs and did not know who they might encounter or whether any occupants of the house might have weapons, it was reasonable for them to handcuff the plaintiff for a few minutes until they determined that she was not a threat, notwithstanding her age at the time of the incident. The fact that the plaintiff was not named as a subject of the warrant did not render the conduct of the police objectively unreasonable.

Furthermore, a plaintiff must have sustained some injury to maintain a claim of excessive force, although that injury need not be severe (*see S.B. v City of New York*, 2016 WL 4530455, *10, 2016 US Dist LEXIS 115881, *32 [ED NY, Aug. 29, 2016, 14-CV-1021, 14-CV-1924, 15-CV-0462, 15-CV-0463, 15-CV-0876, 15-CV-1146, 14-CV-1924, 15-CV-0462, 15-CV-0463, 15-CV-0876, 15-CV-1146 (KAM)(PK)]; *Caravalho v City of New York*, 2016 WL 1274575, *9, 2016 US Dist LEXIS 44280, *29 [SD NY, Mar. 31, 2016, 13-cv-4174 (PKC)(MHD)]; *Pesola v City of New York*, 2016 WL 1267797, *7, 2016 US Dist LEXIS 42977, *21-22 [SD NY, Mar. 30, 2016, 15-cv-1917, 15-cv-1918 (PKC)(SN)]). Emotional pain and suffering cannot form the basis of an excessive force claim (*see D'Attore v City of New York*, 2013 WL 1180395, *5, 2013 US Dist LEXIS 40537, *14 [SD NY, Mar. 15, 2013, No. 10 Civ 6646(WHP)]; *Stokes v City of New York*, 2007 WL 1300983, *12 n 10, 2007 US Dist LEXIS 32787, *45 n 10 [ED NY, May 3, 2007, No. 05-CV-0007 (JFB)(MDG)]; *Davis v United States*, 2004 WL 324880, *10 n 6, 2004 US Dist LEXIS 2551, *28 n 6 [SD NY, Feb. 19, 2004, No. 03 Civ 1800(NRB)]). Here, the plaintiff failed to establish that she sustained any injury that resulted from the act of handcuffing her (*see*

*Washington-Herrera v Town of Greenburgh*, 101 AD3d at 989; *Gagliano v County of Nassau*, 31 AD3d 375, 376 [2006]).

Further, the appellants established that Gomez's actions were privileged under the doctrine of qualified immunity, as they were objectively reasonable (*see Davila v City of New York*, 139 AD3d at 893; *Williams v City of New York*, 129 AD3d at 1067), and his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known (*see Davila v City of New York*, 139 AD3d at 893; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 704 [2010]). It was objectively reasonable for Gomez to believe that his actions in supervising the team executing the valid search warrant, including the decision to handcuff the plaintiff, did not violate the plaintiff's clearly established statutory or constitutional rights.

In light of our determination, we need not reach the appellants' remaining contentions. Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.