Matter of Ruth S. (Stein) (2020 NY Slip Op 02079)





Matter of Ruth S. (Stein)


2020 NY Slip Op 02079


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-00853
 (Index No. 100011/09)

[*1]In the Matter of Ruth S. (Anonymous). Sharon Stein, etc., et al., appellants; Bonnie Stein, respondent.


Kelly McCollum, New York, NY, for appellants.
Robinson & McDonald LLP, Port Washington, NY (Jayne S. Robinson and Brett G. Canna of counsel), for respondent.



DECISION & ORDER
In a consolidated guardianship proceeding pursuant to Mental Hygiene Law article 81, and action, inter alia, to recover damages for fraud, Sharon Stein and Judith Stein Nelson appeal from a judgment of the Supreme Court, Kings County (Michael L. Pesce, J.), dated December 4, 2017. The judgment is in favor of Bonnie Stein and against them in the principal sum of $17,046.90.
ORDERED that the appeal is dismissed, with costs to the respondent.
On a prior appeal, this Court upheld the Supreme Court's determinations made in an order dated May 14, 2012, and affirmed the judgment entered upon that order (see Matter of Ruth S. [Sharon S.], 125 AD3d 978). Thereafter, Sharon Stein and Judith Stein Nelson (hereinafter together the appellants) moved for leave to renew the motions determined in the May 14, 2012, order, and to vacate that order and subsequent orders and judgments which were based upon the May 14, 2012, order. Bonnie Stein cross-moved, inter alia, for an award of attorney's fees incurred in connection with the motion. In an order dated June 29, 2017, the Supreme Court denied the appellants' motion and granted Bonnie's cross motion to the extent of, inter alia, awarding her attorney's fees, the sum of which was to be determined on an affirmation of services. The appellants filed a notice of appeal from the June 29, 2017, order, but failed to perfect their appeal, and the appeal was deemed dismissed (see 22 NYCRR 1250.10[a]). The appellants' motion to vacate the dismissal was denied by decision and order on motion of this Court dated January 4, 2019, and the appellants' motion, inter alia, for leave to reargue the denial of their motion to vacate was denied by decision and order on motion of this Court dated June 11, 2019.
Following submission of counsel's affirmation of services, the Supreme Court determined that Bonnie was entitled to recover $17,046.90 for attorney's fees and costs for her defense of the motion and prosecution of her cross motion. A judgment dated December 4, 2017, was entered in favor of Bonnie and against the appellants in that principal sum. The appellants filed a notice of appeal "from so much of the Judgment . . . that decided the amount of legal fees and expenses and entered judgment against plaintiffs in the amount of $17,046.90."
The appellants' contentions regarding the denial of their motion in the Supreme Court for leave to renew and vacate are not properly before this Court on this appeal. First, as argued by the respondent, those contentions are beyond the scope of the limited notice of appeal (see CPLR 5515[1]; Palopoli v Sewanhaka Cent. High Sch. Dist., 166 AD3d 639, 642; NJCB SPEC-1, LLC v Budnik, 161 AD3d 885, 888). Second, those contentions could have been raised on the appellants' appeal from the order dated June 29, 2017, which appeal was dismissed for failure to timely perfect. The dismissal of that appeal constituted an adjudication on the merits with respect to the issues which could have been reviewed on that appeal (see Cohen v Cohen, 172 AD3d 999, 1002; Horn v Horn, 145 AD3d 666, 669).
Thus, the only issues properly before this Court on this appeal are those relating to the amount of legal fees and expenses awarded. However, the appellants abandoned any challenge to the sums awarded by failing to raise the issue in their brief (see Davila v City of New York, 139 AD3d 890, 895; Matter of Keyes v Watson, 133 AD3d 757, 759), which relates entirely to the denial of their motion in the Supreme Court for leave to renew and vacate.
Accordingly, there are no issues properly before this Court to consider on the appeal, and the appeal should be dismissed.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court