Owens v City of New York (2020 NY Slip Op 03019)





Owens v City of New York


2020 NY Slip Op 03019


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2017-02895
 (Index No. 2730/09)

[*1]Denise Elliot Owens, etc., appellant, 
v
City of New York, et al., respondents.


Law Offices of Wale Mosaku, P.C., Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Richard Dearing and Elina Druker of counsel), for respondents.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jiminez-Salta, J.), dated January 3, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging wrongful death asserted against the defendant City of New York as was based on the negligence of the defendants Carl Carrara, William Prokesch, George Harvey, Keith Livingston, and Gregory Scalcione in using deadly physical force, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of 42 USC § 1983 asserted against the defendants Carl Carrara, William Prokesch, George Harvey, Keith Livingston, and Gregory Scalcione as was based on the alleged use of excessive force by those defendants other than for the "number of shots fired," and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The incident giving rise to this action concerns the fatal shooting of 18-year-old Khiel Coppin (hereinafter the decedent) on November 12, 2007, by members of the New York City Police Department (hereinafter NYPD). The plaintiff, who is the decedent's mother, called 911 requesting assistance at her Brooklyn apartment after a verbal dispute with the decedent. The decedent was shot 14 times during the ensuing encounter with the police.
In this consolidated action against the City of New York, Deputy Inspector Charles McEvoy, Sergeants Carl Carrara and William Prokesch, Detective George Harvey, and Police Officers Keith Livingston and Gregory Scalcione, the plaintiff seeks to recover damages for wrongful death, violations of the decedent's constitutional and civil rights pursuant to 42 USC § 1983 based, among other things, on the alleged use of excessive force, and violation of the plaintiff's constitutional rights pursuant to 42 USC § 1983 based on the deprivation of her right to family association. The defendants moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. By order dated January 3, 2017, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
We agree with the Supreme Court's determination granting those branches of the defendants' motion which were for summary judgment dismissing so much of the wrongful death cause of action asserted against the City as alleged that McEvoy and nonparty responding officers failed to follow the City's Police Department Patrol Guide (hereinafter Patrol Guide) for the apprehension of barricaded and emotionally disturbed persons. Generally, a municipality may be held vicariously liable for negligent acts committed by its employees, such as police officers, while acting in the scope of their employment (see Holland v City of Poughkeepsie, 90 AD3d 841, 844). "[T]he common-law doctrine of governmental immunity . . . shield[s] public entities from liability for discretionary act[s] taken during the performance of governmental functions" (Valdez v City of New York, 18 NY3d 69, 75-76; see Mon v City of New York, 78 NY2d 309, 313). Under this doctrine, a municipal defendant cannot be held liable for the negligent acts of its employee police officers where it establishes that the alleged negligent acts involved the exercise of discretionary authority (see Valdez v City of New York, 18 NY3d at 76; Lauer v City of New York, 95 NY2d 95, 99; Kenavan v City of New York, 70 NY2d 558, 569). Discretionary acts "involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (Tango v Tulevech, 61 NY2d 34, 41). Here, the City established, prima facie, that it was entitled to the governmental immunity defense with evidence that the alleged negligent acts involved the exercise of discretionary authority and were not in violation of any clear Patrol Guide mandate (see Valdez v City of New York, 18 NY3d 69; Alvarez v Prospect Hosp., 68 NY2d 320, 324). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
However, we disagree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing so much of the wrongful death cause of action asserted against the City as alleged that Carrara, Prokesch, Harvey, Livingston, and Scalcione (hereinafter collectively the defendant officers) were negligent in using deadly physical force. Summary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it " should only be employed when there is no doubt as to the absence of triable issues'" (Pizzo-Juliano v Southside Hosp., 129 AD3d 695, 696, quoting Andre v Pomeroy, 35 NY2d 361, 364; see Trio Asbestos Removal Corp. v Gabriel & Sciacca Certified Pub. Accountants, LLP, 164 AD3d 864, 865). The function of a court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist (see Castlepoint Ins. Co. v Command Sec. Corp., 144 AD3d 731, 733; Dorival v DePass, 74 AD3d 729, 730; Rudnitsky v Robbins, 191 AD2d 488, 489). Summary judgment "should only be granted where there are no material and triable issues of fact," and "the papers should be scrutinized carefully in the light most favorable to the party opposing the motion" (Gitlin v Chirinkin, 98 AD3d 561, 561-562 [internal quotation marks omitted]; see Ptasznik v Schultz, 223 AD2d 695, 696).
To demonstrate their prima facie entitlement to judgment as a matter of law dismissing so much of the wrongful death cause of action asserted against the City as alleged that the defendant officers were negligent in using deadly physical force, the defendants were required to show, prima facie, that, in employing deadly physical force, the defendant officers "exercise[d] that degree of care which would reasonably be required of a police officer under similar circumstances" (McCummings v New York City Tr. Auth., 81 NY2d 923, 925). Patrol Guide § 203-12 provides that "[p]olice officers shall not use deadly physical force against another person unless they have probable cause to believe they must protect themselves or another person present from imminent death or serious physical injury."
In support of the motion, the defendants submitted the deposition testimony of each of the defendant officers who fired at the decedent, as well as the deposition testimony of a nonparty civilian who observed the incident. Contrary to the defendants' contention, the testimonies of these witnesses demonstrate the existence of triable issues of fact as to whether, inter alia, the decedent posed a threat of imminent death or serious physical injury to the defendant officers or others sufficient to justify the officers' use of deadly physical force against the decedent.
Contrary to the defendants' contention, the City may not rely on the defense of governmental immunity because the defendant officers' actions, if negligent, would be in violation of the Patrol Guide's prohibition against the use of deadly physical force, and therefore, not discretionary (see Valdez v City of New York, 18 NY3d at 76; Lubecki v City of New York, 304 AD2d [*2]224, 234). Accordingly, that branch of the defendants' motion which was for summary judgment dismissing so much of the wrongful death cause of action asserted against the City as alleged that the defendant officers were negligent in using deadly physical force should have been denied (see Alvarez v Prospect Hosp., 68 NY2d at 324).
We also disagree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing so much of the section 1983 cause of action against the defendant officers as was based on the alleged use of excessive force by those defendants other than for the "number of shots fired." "[C]laims that law enforcement . . . used excessive force . . . [are] analyzed under the Fourth Amendment and its . . . standard [of objective reasonableness]. . . . The reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" (Graham v Connor, 490 US 386, 395-396; accord Boyd v City of New York, 149 AD3d 683, 684-685). " [A]n officer's decision to use deadly force is objectively reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others'" (Williams v City of New York, 129 AD3d 1066, 1067, quoting Cowan ex rel. Estate of Cooper v Breen, 352 F3d 756, 762 [2d Cir]). "Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly [physical] force" (Tennessee v Garner, 471 US 1, 11). " Because of its intensely factual nature, the question of whether . . . use of force was reasonable under the circumstances is generally best left for a jury to decide'" (Williams v City of New York, 129 AD3d at 1067, quoting Lepore v Town of Greenburgh, 120 AD3d 1202, 1203). If the officer's actions did not violate a clearly established right or law, or if it was objectively reasonable for an officer to believe that his actions did not violate a clearly established right or law, his or her actions are privileged under the doctrine of qualified immunity (see Pearson v Callahan, 555 US 223, 231-232; Boyd v City of New York, 149 AD3d at 686; Lepore v Town of Greenburgh, 120 AD3d at 1203; Taravella v Town of Wolcott, 599 F3d 129, 134 [2d Cir]; O'Bert ex rel. Estate of O'Bert v Vargo, 331 F3d 29, 37 [2d Cir]).
Here, the defendants failed to demonstrate, prima facie, the absence of triable issues of fact as to whether the defendant officers' use of deadly physical force against the decedent was objectively reasonable under the circumstances (see Graham v Connor, 490 US at 396-397; Alvarez v Prospect Hosp., 68 NY2d at 324; Boyd v City of New York, 149 AD3d 683; cf. Diaz v State of New York, 144 AD3d 1220). The defendants further failed to establish, prima facie, the absence of triable issues of fact as to whether a reasonable officer, facing the same situation, could have believed that deadly physical force was necessary to protect himself or herself or others from death or serious physical injury, and that the defendant officers are thus entitled to qualified immunity (see Pearson v Callahan, 555 US 223; Graham v Connor, 490 US 386; Boyd v City of New York, 149 AD3d at 686).
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing so much of the section 1983 cause of action against the defendant officers as alleged excessive force based on the number of shots fired. "[I]f officers are justified in firing at a suspect in order to end a severe threat to public safety, they need not stop shooting until the threat has ended" (Plumhoff v Rickard, 572 US 765, 766). The deposition testimony of each officer demonstrated, prima facie, that each fired until each perceived that the decedent no longer posed a threat of death or serious physical injury (see Plumhoff v Rickard, 572 US 765). Moreover, on this issue, the defendant officers further established that they are entitled to the immunity defense (see Pearson v Callahan, 555 US at 231; O'Bert ex rel. Estate of O'Bert v Vargo, 331 F3d at 37). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the section 1983 cause of action alleging failure to intervene insofar as asserted against McEvoy based on his failure to intervene to prevent the decedent from being shot by the defendant officers. The defendants established, prima facie, that McEvoy did not fail to intervene to protect the decedent (see Wilson v City of New York, 161 AD3d 1212, 1215; Anderson v Branen, 17 F3d 552, 557 [2d Cir]), and that, in any event, he is entitled to qualified immunity for any such alleged failure (see Boyd v City of New York, 149 AD3d at 686). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect [*3]Hosp., 68 NY2d at 324).
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., LEVENTHAL, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court