Rapuzzi v City of New York (2020 NY Slip Op 05067)





Rapuzzi v City of New York


2020 NY Slip Op 05067


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-11337
 (Index No. 29622/09)

[*1]Christopher Rapuzzi, respondent,
v City of New York, et al., appellants, et al., defendants.


James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Susan P. Greenberg of counsel), for appellants.
David J. Hernandez, Brooklyn, NY (David A. Bonilla of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and false imprisonment, the defendants City of New York, New York City Police Department, and Sidney Valerio appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 5, 2017. The order denied the motion of such defendants for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants City of New York, New York City Police Department, and Sidney Valerio for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiff commenced this action to recover damages for false arrest and imprisonment, malicious prosecution, related federal claims asserted under 42 USC § 1983, negligent hiring and retention, and intentional infliction of emotional distress. After issue was joined, the defendants City of New York, New York City Police Department, and Sidney Valerio, a detective (hereinafter collectively the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. The defendants appeal.
Probable cause to believe that a person committed a crime is a complete defense to claims of false arrest and imprisonment (see MacDonald v Town of Greenburgh, 112 AD3d 586; Strange v County of Westchester, 29 AD3d 676). The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn surrounding the arrest (see MacDonald v Town of Greenburgh, 112 AD3d at 586-587). Generally, the "information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" (Carlton v Nassau County Police Dept., 306 AD2d 365, 366; see Nasca v Sgro, 130 AD3d 588, 589). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for false arrest and imprisonment. In support of their motion, the defendants submitted, among other things, transcripts of deposition testimony establishing that identified citizens had provided information accusing the plaintiff of specific crimes, which was sufficient to provide the police with probable cause to arrest him (see Iorio v City of New York, 19 AD3d 452, 453). In opposition, the plaintiff failed to raise a [*2]triable issue of fact (see Nasca v Sgro, 130 AD3d at 589-590; Dioguardi v City of New Rochelle, 179 AD2d 798, 799).
The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for malicious prosecution, as the plaintiff "failed to present sufficient evidence to rebut the presumption of probable cause created by the Grand Jury indictment" (Hoyt v City of New York, 284 AD2d 501, 502). Contrary to the plaintiff's contentions, any discrepancies between the eyewitnesses' description of their attackers and the plaintiff's appearance at the time of his arrest the following day failed to negate the fact that the police had probable cause to arrest and prosecute him (see Batten v City of New York, 133 AD3d 803, 806).
The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the federal claims asserted against them under 42 USC § 1983, insofar as such claims were premised upon allegations of false arrest (see Holland v City of Poughkeepsie, 90 AD3d 841, 847-848). The defendants established, prima facie, the lack of a causal link between the policies, customs, or practices of the municipality, and any alleged constitutional violations (see Martin v City of New York, 153 AD3d 693, 694). In opposition, the plaintiff failed to raise a triable issue of fact.
Furthermore, since the plaintiff pleaded no facts to establish that the municipality was negligent in its hiring or retention of any police officers or other personnel, the defendants demonstrated their entitlement to judgment as a matter of law dismissing this cause of action, and the plaintiff, in opposition, failed to raise a triable issue of fact (see Eckardt v City of White Plains, 87 AD3d 1049, 1052).
Finally, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for intentional infliction of emotional distress, since "[i]t is well settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity" (Lauer v City of New York, 240 AD2d 543, 544). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court