Jones v City of New York (2022 NY Slip Op 03504)





Jones v City of New York


2022 NY Slip Op 03504


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2019-04410
2019-13265
 (Index No. 1220/14)

[*1]Donje Jones, appellant-respondent,
v
City of New York, et al., respondents-appellants.


Law Offices of Wale Mosaku, P.C., Brooklyn, NY, for appellant-respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Ashley R. Garman of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, (1) the defendants appeal from an amended order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated January 30, 2019, and (2) the plaintiff appeals, and the defendants cross-appeal, from a judgment of the same court dated September 23, 2019. The amended order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability on the causes of action to recover damages for false arrest and for failure to intervene, and for judgment as a matter of law dismissing those causes of action. The judgment, insofar as appealed from, upon a jury verdict, and upon so much of the amended order as denied the plaintiff's cross motion pursuant to CPLR 4404(a) to set aside the jury verdict on the cause of action to recover damages for malicious prosecution as contrary to the weight of the evidence, is, in effect, in favor of the defendants and against the plaintiff dismissing that cause of action. The judgment, insofar as cross-appealed from, upon a jury verdict, and upon so much of the amended order as denied the defendants' motion pursuant to CPLR 4404(a) to set aside the jury verdict on the causes of action to recover damages for false arrest and for failure to intervene, and for judgment as a matter of law dismissing those causes of action, is in favor of the plaintiff and against the defendants on the causes of action to recover damages for false arrest and failure to intervene.
ORDERED that the appeal from the amended order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the judgment is reversed insofar as cross-appealed from, on the law, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the causes of action to recover damages for false arrest and failure to intervene, and for judgment as a matter of law dismissing those causes of action is granted, those causes of action are dismissed, the amended order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for entry of an amended judgment dismissing the complaint in its entirety; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the amended order dated January 30, 2019, must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the amended order are brought up for review and have been considered on the cross appeal from the judgment dated September 23, 2019 (see CPLR 5501[a][1]).
The plaintiff alleges, inter alia, that the defendant Michael Grayson, a detective with the New York City Police Department (hereinafter NYPD), falsely arrested him for a shooting that occurred in Brooklyn on October 4, 2011, and that the defendant Andrew Ottaka, also a detective with the NYPD, failed to intervene and thereby prevent a violation of the plaintiff's rights. The plaintiff testified at trial in this action, and offered alibi evidence, that he was at home playing a video game at the time of the shooting. Detective Grayson testified that he interviewed the victim soon after the shooting, at which time the victim gave a description of the shooter. Detective Grayson testified that the victim told him that the victim had seen the shooter several times in the neighborhood, and recognized the shooter as an associate of a person known to the victim by the name "Chicken." Detective Grayson testified that the victim identified "Chicken" from a photo array, and then identified the plaintiff, as the shooter, from a second photo array. The plaintiff was thereafter placed under arrest and indicted for assault in the second degree, among other charges. The plaintiff remained incarcerated for a cumulative 17 months pending trial before being released in May 2013. The charges against the plaintiff were thereafter dismissed due to the prosecution's alleged inability to locate the victim.
The plaintiff then commenced this action, alleging, among other things, a violation of his civil rights pursuant to 42 USC § 1983. At trial, the jury found, inter alia, that Detective Grayson lacked probable cause to arrest the plaintiff and that Detective Ottaka failed to intervene in that arrest, but that Detective Grayson's actions were not malicious. The defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict on the causes of action to recover damages for false arrest and failure to intervene, and for judgment as a matter of law dismissing those causes of action. The plaintiff cross-moved pursuant to CPLR 4404(a) to set aside the jury verdict on the cause of action to recover damages for malicious prosecution as contrary to the weight of the evidence. In an amended order dated January 30, 2019, the Supreme Court, among other things, denied those branches of the motion and denied the cross motion. Thereafter, a judgment was entered in favor of the plaintiff and against the defendants on the causes of action to recover damages for false arrest and failure to intervene, and, in effect, in favor of the defendant and against the plaintiff dismissing the cause of action to recover damages for malicious prosecution.
The Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict on the causes of action to recover damages for false arrest and failure to intervene, and for judgment as a matter of law dismissing those causes of action, as the verdict was not supported by legally sufficient evidence. There is no valid line of reasoning and permissible inferences which could possibly lead a rational person to the conclusion reached by the jury on the basis of the evidence presented at trial (see Boyd v City of New York, 149 AD3d 683, 684; Alexander v City of New York, 82 AD3d 1022, 1024).
The dispositive issue is whether Detective Grayson had probable cause to arrest the plaintiff. To prevail on a cause of action to recover damages for false arrest, the plaintiff must demonstrate that "the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement and that the confinement was not privileged" (De Lourdes Torres v Jones, 26 NY3d 742, 759). For purposes of the privilege element of a false arrest claim, "an act of confinement is privileged if it stems from a lawful arrest supported by probable cause" (id. at 759).
"'Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty'" (id. at 759, quoting Colon v City of New York, 60 NY2d 78, 82; see Fludd v City of New York, 199 AD3d 894). "'Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been [committed] or is being committed by the suspected individual, and probable cause must be judged under the totality of the [*2]circumstances'" (Burns v City of New York, 181 AD3d 554, 555, quoting De Lourdes Torres v Jones, 26 NY3d at 759; see Colon v City of New York, 60 NY2d at 82; Adams v City of New York, 167 AD3d 825, 826). "Probable cause to believe that a person committed a crime is a complete defense to claims of false arrest" (Fortunato v City of New York, 63 AD3d 880, 880).
Generally, "'an eyewitness-victim of a crime can provide probable cause for the arrest of his assailant despite the fact that his reliability has not been previously established or his information corroborated'" (Medina v City of New York, 102 AD3d 101, 103, quoting People v Nichols, 156 AD2d 129, 130; see Blake v City of New York, 148 AD3d 1101, 1107). Indeed, probable cause is established "absent materially impeaching circumstances," where "the victim of an offense communicates to the arresting officer information affording a credible ground for believing the offense was committed and identifies the accused as the perpetrator" (Medina v City of New York, 102 AD3d at 104 [emphasis and internal quotation marks omitted]; see Rapuzzi v City of New York, 186 AD3d 1548, 1549; Silverstein v New York City Police Dept., 167 AD3d 961, 963; Ball v Miller, 164 AD3d 728, 729).
Here, Detective Grayson testified at trial that the victim identified the plaintiff as the shooter from a photo array. This identification gave Detective Grayson probable cause to arrest the plaintiff (see Rapuzzi v City of New York, 186 AD3d at 1549; Batten v City of New York, 133 AD3d 803, 805). The plaintiff's reliance on discrepancies and omissions in various police reports, as well as Detective Grayson's memo book, did not present "materially impeaching circumstances" that the jury could reasonably interpret as discrediting Detective Grayson's testimony that the victim identified the plaintiff as the shooter, or the identification procedure generally. Moreover, Detective Grayson's testimony was corroborated, not only by the victim's testimony from a prior proceeding in which he agreed that he identified the plaintiff to the police, but by the plaintiff's own testimony in which he conceded that "Chicken" was among his "best friends." While this testimony by the plaintiff was not inculpatory, it corroborated Detective Grayson's recollection that the victim identified the shooter as a person who associated with a person going by the name "Chicken," and gave reliability to the victim's identification.
The only other evidence presented at trial intended to discredit the identification consisted of video surveillance footage taken immediately before, and during, the shooting. However, contrary to the plaintiff's contention, the video footage did not render a clear image of the shooter's face from which the jury could reasonably exclude the plaintiff as the shooter, and thus the video evidence did not offer a reasonable basis for the jury to discredit Detective Grayson's probable cause to arrest the plaintiff based upon the victim's identification.
Furthermore, the defendants established that Detective Grayson's actions were privileged under the doctrine of qualified immunity, as they were objectively reasonable (see Boyd v City of New York, 149 AD3d 683, 686; Davila v City of New York, 139 AD3d 890, 893), and his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known (see Davila v City of New York, 139 AD3d at 893). It was objectively reasonable for Detective Grayson to believe that his actions in initiating an arrest of the plaintiff based upon the victim's positive identification that the plaintiff was the shooter, did not violate the plaintiff's clearly established statutory or constitutional rights.
Because the evidence at trial established that Detective Grayson had probable cause to arrest the plaintiff, there can be no liability for Detective Ottaka's alleged failure to intervene in, or to prevent, the plaintiff's arrest (see Owens v City of New York, 183 AD3d 903, 908; Wilson v City of New York, 161 AD3d 1212, 1215).
There is no merit to the plaintiff's argument that the defense verdict on his malicious prosecution cause of action should be set aside, since probable cause "is a complete defense to claims of . . . malicious prosecution" (Batten v City of New York, 133 AD3d 803, 805; see Fortunato v City of New York, 63 AD3d 880, 880).
The plaintiff's remaining contention is without merit.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court